FASHION THIMBLE SHOE COMPANY *v.* WITHROW.

[No. 16,936.   Filed March 23, 1942.]

*David E. Rosenfeld,* of Terre Haute, for appellant.

*Robert H. Duffy,* of Terre Haute, for appellee.

BLESSING, J.—On March 7, 1939, the appellee, Cecil Withrow, while in the employ of the appellant, the Fashion Thimble Shoe Company, met with an accidental injury arising out of and in the course of his employment. Thereafter, on March 20, 1939, the appellant and appellee (claimant below) entered into an agreement for compensation during temporary total disability, which agreement was duly approved by the Industrial Board of Indiana. On July 6, 1939, the appellee executed a final compensation settlement receipt acknowledging that the temporary total disability had terminated.

After the payments for temporary total disability had ceased, appellee claimed that he had suffered a permanent partial impairment to the left arm. Appellee and appellant attempted to adjust by negotiation said claim for such impairment, but the effort resulted

in a disagreement. So on March 7, 1941, the appellee filed his application with the Industrial Board for the adjustment of his alleged claim for compensation for permanent partial impairment, demanding 250 weeks' compensation. To said application, the appellant filed a special answer in two paragraphs, the first paragraph alleging that appellee's application was not filed within two years after the injury and thus appellee's right to compensation for permanent partial impairment, if any, resulting from the accident on March 7, 1939, was forever barred. The second paragraph of answer alleged that the permanent partial impairment was resultant and did not occur simultaneously with nor did the same result immediately from the accident of March 7, 1939; that since the impairment was resultant, the alleged cause of action was governed by the Acts of 1929, ch. 172, § 45, p. 536, which provides that an application must be filed before the expiration of one year from the termination of the compensation period, and that since the application in this cause was filed after the expiration of one year from the termination of the compensation period, the Industrial Board had no jurisdiction to hear and determine the issues of law and fact as presented by appellee's application.

After a hearing by one member of the Industrial Board, said board found that appellee Withrow had sustained a permanent partial impairment of 30% of the left arm and that the impairment was coincident with and directly caused by the accidental injury sustained March 7, 1939, and awarded appellee compensation as against the appellant for a period of 75 weeks at the rate of $8.80 per week less credit for all compensation theretofore paid. Thereafter, there was a review by the full Industrial Board which made substantially the same finding and award as above set out.

From the final finding and award, this appeal is prosecuted. Appellant alleges that there was manifest error in the award, judgment, and proceedings in this cause before the Industrial Board in the following particulars:

1. The award of the full Industrial Board is contrary to law.

2. The full Industrial Board erred in finding against the appellant on its first paragraph of special answer.

3. The full Industrial Board erred in finding against the appellant on its second paragraph of special answer.

4. The full Industrial Board erred in finding that appellee's cause of action was not barred by the Statute of Limitations.

The first of such assignments is the only proper one under the law and is sufficient to present all questions.

If a permanent partial impairment for which claim is made, is the direct result of an accident, the claim may be filed within two years, as an original action, under § 40-1224, Burns' 1940 Replacement; but if the impairment is the result of a temporary disability, it must be filed within one year after final payment for the temporary disability, as a change of conditions, under § 40-1410, Burns' 1940 Replacement. *Union Drawn Steel Co.* v. *Thompson* (1929), 89 Ind. App. 380, 165 N. E. 258; *Dunsizer* v. *A. J. Wolf Const. Co.* (1940), 107 Ind. App. 408, 23 N. E. (2d) 685.

Appellant's first contention is that there is no competent evidence showing that appellee's permanent partial impairment was simultaneous with the injury.

The appellee testified in his own behalf, and stated that since the date of the injury he had a permanent partial impairment of his left arm. He stated that he

had lost the use of his arm—"the biggest part of it." He also demonstrated that he was unable to turn it over, and that he could not touch one of his shoulders with his left arm, and this condition had existed from the time of the accident. He also testified that prior to the accident he had the normal use of his left arm, but its use had remained impaired since the date of the injury; that he could not lay his left hand flat on his head, nor place the palm of his left hand to the right side of his face.

Dr. Mitchell, who had treated the appellee at the time of his injury in March, 1939, testified that appellee's arm was impaired at the time of the accident. When asked if his arm was still impaired when he examined him in April, 1941, he answered, "He had some disability of his arm, yes sir." He also testified that the use and function of appellee's arm continued to be impaired from the day of the accident. In answer to a further inquiry as to the impairment continuing since the date of the accident, the doctor answered, "The—in the impairment he had from his original impairment his partial impairment left as a result of the accident." On cross-examination the following questions and answers appear:

"Q. Was the impairment which you observed on April 17, 1941, simultaneous with the injury or otherwise?

"A. It was a result of the injury.

"Q. But did it occur, the impairment was resultant, insofar as time alone could determine whether that fracture would produce an impairment?

"A. Absolutely."

All of the physicians, three in number, gave their opinions as to the percentage of impairment of the left arm, but only the one doctor was interrogated with

respect to whether the permanency of the partial impairment was simultaneous and coincidental with the original injury. X-rays had been taken of the appellee on March 7, 1939, and on April 5, 1939, and Dr. Bronson testified that they revealed a comminuted fracture of the end of the left radius with considerable displacement and that the last picture taken indicated no change in the position of the fragments. He based his opinion of permanent partial impairment upon the limitation of extension of the elbow and supination of the left hand.

Taking the evidence most favorable to appellee, including the reasonable inferences deducible from the facts established, it is our opinion that there was sufficient evidence to sustain the finding of the Industrial Board that the impairment was coincidental with and directly caused by the accidental injury sustained by appellee on March 7, 1939. See *Sewell* v. *Terre Haute Brewing Co.* (1936), 102 Ind. App. 373, 200 N. E. 734. We conclude that appellee's claim was not barred if it were filed within two years after the injury. Section 40-1224 Burns' 1933.

The accident occurred on March 7, 1939, and appellee's application for permanent partial impairment was filed on March 7, 1941. Appellant contends that appellee's cause of action accrued on the date of the injury and, therefore, March 7, 1941, was not within the two years as fixed by the above statute. Appellant points out that the word "year," as defined by our statute, means a calendar year (§ 1-201 [5], Burns' 1933), and argues that a calendar year cannot have two March 7ths.

Appellee contends that the computation of time is controlled by § 2-4704, Burns' 1933 which provides:

"The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last. If the last day be Sunday, it shall be excluded." While this section evidently has reference to matters properly falling within the code of civil procedure, a review of the decisions discloses that the rule laid down in this section for the computation of time has frequently been applied to matters in no way connected with the code. *Towell* v. *Hollweg* (1881), 81 Ind. 154; *Ward* v. *Yarnelle* (1910), 173 Ind. 535, 91 N. E. 7; *Flynn* v. *Taylor* (1896), 145 Ind. 533, 44 N. E. 546; *Wartell* v. *Peters Hotel Co.* (1919), 70 Ind. App. 444, 449, 123 N. E. 480.

In the last case, while the decision was not based on the statutory provision for computing time, the court said:

"But though some of the foregoing decisions are based on the statute, while others, though referring to it, seem to reach their conclusions independently thereof, they are in harmony in approving as a method of computation of time the statutory methods exemplified by said section, and in harmony therewith, have decided, when the question was involved, that the time in which an act is to be done shall be computed by excluding the first day and including the last, but if the last day is Sunday it shall be excluded. This line of decisions has been maintained for so long a time as to establish the aforesaid method of computation as the rule of law of this state, regardless of the statute."

In the case of *Hudspith* v. *Pierce-Arrow Motor Car Co.* (1917), 167 N. Y. S. 418, the court held that an employee who was injured on January 10, 1916, and who filed his claim on January 10, 1917, filed the same "within one year" within the Workmen's Compensation Law of the State of New York, which contains the

provision that the right to compensation shall be forever barred unless within one year after the injury, a claim for compensation is filed with the commission. In that case, as in the one before us, the contention was made that, in computing time reckoned by years, the day from which time is reckoned must be included in the year, but the court called attention to the fact that the statute on which the contention was made, had been amended to read: "The day from which any specified period of time is reckoned shall be excluded in making the reckoning." A comparison of the New York Act and the statutory provision of this State justifies the same conclusion in the case at bar that was reached in the case of *Hudspith* v. *Pierce-Arrow Motor Car Co., supra.*

If § 2-4704, Burns' 1933, is inapplicable because of its restrictions to matters connected with the civil code, the same conclusion is justified by following the general rule laid down in *Wartell* v. *Peters Hotel Co., supra.* In view of the policy that Workmen's Compensation Acts are construed liberally in favor of the employee, we are further persuaded that appellee's claim was filed within the two year period required by § 40-1224, Burns' 1940 Replacement.

The award of the Industrial Board is affirmed, with the usual penalty.

NOTE.—Reported in 40 N. E. (2d) 359.