HAMILTON COUNTY COUNCIL ET AL. *v.* STATE EX REL. GROFF

[No. 28,558. Filed September 28, 1949.]

610

Campbell & Campbell, of Noblesville, for appellants.

Bell & Bell, of Indianapolis, for appellee.

GILKISON, C. J.—Appellee, relator, filed his complaint in the trial court to mandate appellants as The Hamilton County Council to make appropriations and the Board of Commissioners of Hamilton County to pay him $450 additional salary, from August 16, 1947 to December 31, 1947; $1200 additional salary for 1948; and $4800 salary for 1949. The claim is based upon an order of the nine township trustees of Hamilton County at a meeting held on May 5, 1947, increasing the salary of relator as County Superintendent of Hamilton County from $3600 to $4800 per year, beginning with August 16, 1947. On May 5, 1947 a copy of the order was filed with the county auditor to be presented to the county council. The county council failed to make the appropriation. Appellants' demurrer to the complaint was overruled and it then answered under the rules by admitting some of the allegations of the complaint and denying others. It then affirmatively alleged that the authority conferred upon township trustees by Acts of 1933, ch. 21, § 14, p. 88 (§ 49-1014 Burns' 1933) as amended by Acts of 1939, ch. 96, § 1, p. 506; § 49-1014 Burns' 1933 (1947 Supp.), is limited and controlled by Acts of 1937, ch. 119, § 3, p. 646; § 64-309, Burns' 1943 Replacement.

Upon the issues so joined the cause was tried by the court resulting in a finding and judgment for appellee and mandate against appellants as prayed in the complaint.

Errors assigned are (1) that the court erred in overruling the demurrer to the complaint and (2) in overruling the motion for new trial.

By each assignment appellants question whether Chapter 96, p. 506, Acts of 1939; § 49-1014, Burns' 1933 (1947 Supp.), is the controlling law in this case or whether this statute must be construed in connection with other existing statutes and legal principles including the county reform acts (Acts of 1899, ch. 154, pp. 343 to 365) and all acts amendatory thereof and supplemental thereto, and be controlled thereby.

Chapter 96, p. 506 of the Acts of 1939 is an amendment of Section 14 of Chapter 21, p. 114 of the Acts of 1933 and, of course, must be construed in connection with that law. Prior to this amendment Section 14 read thus:

"The salaries of the county superintendent as herein stipulated may be increased upon written request of a majority of the township trustees to the county council, who may increase such salary to an amount which in the judgment of the county council may seem proper."

By Chapter 96, p. 506 of the Acts of 1939 it was amended to read thus:

"The salary of the county superintendent, as herein stipulated, may be increased by a majority of the township trustees to an amount which, in the judgment of a majority of the township trustees, may seem proper, and the county council shall appropriate and the board of commissioners shall allow the necessary funds to pay such increase in the salary of the county superintendent."

It is thus apparent that by the amendment of 1939 the legislature intended to take from the county council the duty of exercising any discretion in the matter of raising the salary of a county superintendent and to bestow that duty solely upon the township trustees of the county. It then went further and made it a mandatory duty of the council to make the appropriation to pay the salary as increased by the trustees, and a like mandatory duty of the board of county commissioners to allow the funds to pay such increase.

We agree with appellants that this amendment should be construed along with the other sections of the act of which it is a part and with other statutes relating to the general pattern of state government. However, it is a legislative duty to fix the salaries of state, county, city and township officers including that of the county superintendent of schools. Our legislature frequently has exercised the duty of fixing the salary of county superintendents of schools as shown by the two enactments noted above. See also Acts of 1921, ch. 54, § 2, p. 132; Acts of 1911, ch. 94, § 2, p. 157; Acts of 1905, ch. 163, § 2, p. 492; Acts of 1899, ch. 143, § 11, p. 245; Acts of 1873, ch. 25, § 5, p. 77.

The 1939 amendment heretofore quoted agrees with the other sections of the statute of which it is a part and all other statutes implementing the general pattern of state government, including the county reform law of 1899, quite as effectively as the section it amended or any previous statutory enactments fixing the salaries of county superintendents of schools, and is therefore valid. See *Walsh, Treasurer, et al.* v. *State ex rel. Soules, Auditor* (1895), 142 Ind. 357, 362, 41 N. E. 65; *State ex rel. Fox* v. *Board of Commissioners of Carroll Co. et al.* (1931), 203 Ind. 23, 32, 178 N. E. 563; 59 C. J.,

Statutes, § 647, p. 1096; 50 Am. Jur., Statutes, § 468, p. 481.

Of course, the General Assembly of 1933 could not by any enactment limit the rights and duties of the General Assembly of 1939 or of any succeeding General Assembly. This is equally true of the General Assembly of 1899 that enacted the County Council law. One of the purposes of having the legislature meet biennially as provided by the Constitution (Art. 4, § 9) is to bring the laws up to date—commensurate with the growth, progress and needs of the people of the state. This is frequently accomplished by making amendments to existing laws.

The amount of the increase or reduction in salary is for the legislature, and not for the courts, to determine. By the 1939 Act in question it has delegated the duty of increasing county superintendents' salaries to the township trustees, and there is no contention concerning its right to do this. This is the last expression of the legislature on the subject and is controlling. *Walsh, Treasurer, et al.* v. *State ex rel. Soules, Auditor, supra; Cain* v. *Allen* (1906), 168 Ind. 8, 16, 79 N. E. 201, 79 N. E. 896; *State ex rel.* v. *Adams Express Co.* (1908), 171 Ind. 138, 141, 85 N. E. 337, 85 N. E. 996, 19 L. R. A. (N. S.) 93, 97; *Stiers* v. *Mundy* (1910), 174 Ind. 651, 655, 92 N. E. 374. Should the people feel outraged by the increase their recourse is at the polls.

Appellants contend that they were not required to make an appropriation or pay the additional $450 salary for 1947 as fixed by the township trustees, because no notice had been given to the public of an intention to do so as required by Chapter 275, p. 1097, Acts 1947. This act contains no emergency clause and did not come into effect until August 20, 1947

at 12:30 o'clock P.M. Since the increase in salary was made by the trustees and filed with the auditor of the county, for action by the county council, on May 5, 1947, this act could not affect appellee's rights or govern the procedure therein. However, under this act it would not be appellee's duty to give the notice. The act provides that the notice shall be given by "the proper legal officers" of the "municipal corporation." The proper legal officers to give the notice, when notice is required, are the appellants. The county auditor, by statute, is made the clerk of the Board of Commissioners, §§ 26-611, Burns' 1948 Replacement, and 49-3004, Burns' 1933, and also of the county council, § 26-509, Burns' 1948 Replacement. See also *Van Der Veer* v. *State ex rel. Herron* (1929), 97 Ind. App. 1, 10, 165 N. E. 265. When the township trustees' order was left with the county auditor to be presented to the county council it was filed with the county council and also with the county commissioners. *Walner* v. *Capron* (1946), 224 Ind. 267, 274, 66 N. E. 2d 64. And they each were charged then with the performance of their duty as provided by § 49-1014, Burns' 1933 (1947 Supp.), *supra*. The statute governing the county council's procedure in appropriating the $450 increase in appellee's salary, and being from August 16 to and including December 31, 1947 is § 26-521, Burns' 1948 Replacement, being Acts of 1899, ch. 154, § 21, p. 350 as amended by Acts of 1937, ch. 212, § 1, p. 1066, and, of course, as further amended by Acts of 1939, ch. 96, § 1, p. 506; § 49-1014, Burns' 1933 (1947 Supp.). With respect to the appropriation of this amount no notice to the public of the special meeting of the council was required.

The increase of salary for the years 1948 and 1949 should have been appropriated at the regular sessions

of the county council in 1947 and 1948 without any special notice. Since the controlling amendment of 1939 removed all discretion from the county council and made its duty mandatory to make the appropriation for the increased salary, and likewise made it a mandatory duty of the Board of Commissioners to allow the funds to pay the increase, neither of these authorities act judicially in the matter. On the contrary they act only as auditing authorities, with their duty predetermined by the legislature.

Finding no error in the record the judgment of the Hamilton Circuit Court is affirmed.

NOTE.—Reported in 87 N. E. 2d 810.