STATE OF INDIANA ON THE RELATION OF BURK *v.* THE JUDGE OF THE SUPERIOR COURT OF MADISON COUNTY, No. 2, ETC.

[No. 31,119. Filed September 18, 1967.]

*Peck & Peck* and *William L. Peck*, both of Anderson, for the Relator.

*Charles B. Salyer* and *Ralph F. Mattingly*, both of Anderson, for the Respondents.

PER CURIAM.—On February 20, 1967, we issued an alternative writ of mandate commanding the respondents to rule on the relator's petition to make a panel from which a special judge can be selected to try cause No. 2S 65-542 in the respondent court entitled Chesley T. Burk v. Dorothy J. Burk, or on the failure to do so, to file their return showing any reason in law or in fact why this writ should not be made permanent on or before the 23rd day of March, 1967. On April 4, 1967, we issued a second writ of mandate commanding the respondents to expunge from the records in the above cause the nunc pro tunc record made on February 20, 1967, and the purported judgment filed on February 24, 1967, and dated December 30, 1965, or on the failure to do so, to file their return showing any reason in law or in fact why this writ should not be made permanent on or before the 11th day of April, 1967.

Respondents have filed returns to the alternative writs, but they do not comply with the rules of this Court as they are not verified. Rule 2-36 of this Court provides in part:

> "Within the time allowed, the respondent may file . . . a *verified* return showing any reason . . . why the writ should not be obeyed. *No other pleading on behalf of a respondent will be entertained.*" (Emphasis supplied).

The alternative writs are made permanent and absolute.

NOTE.—Reported in 229 N. E. 2d 639.