STATE EX REL. STATE BOARD OF TAX COMMISSION *v.*
DAVIESS CIRCUIT COURT.

[No. 767S43. Filed November 13, 1967. Rehearing denied
February 9, 1968.]

*John J. Dillon,* Attorney General, *Lloyd C. Hutchinson* and *James B. Droege,* Deputies Attorney General, for relator.

*Judge Jay O. Chapman, pro se.*

HUNTER, C. J.—This is an original action for an alternative writ of mandate and prohibition brought by the State of Indiana on the relation of the State Board of Tax Commissioners pursuant to § 3-2201 Ind. Anno. Stat. (Supp. 1967).

By this action the Board seeks to compel issuance by the Daviess Circuit Court of a writ requiring testimony of witnesses and the production of certain books and records in

the possession of certain taxpayers, under Ind. Anno. Stat. § 64-1705 (Supp. 1967), which provides as follows:

"64-1705. Production of books and records.—If any assessing official or member of the county board of review or state board of tax commissioners, or representative thereof, has requested information or the production of books or records from any person pursuant to the provisions of this act and such person has failed or refused to give such information or produce such books or records, then such official or board member may file an affidavit in the circuit court of any county having jurisdiction over such person, or with the judge thereof in vacation, setting forth the facts. Upon the filing of such an affidavit, a writ under the penalty of contempt shall forthwith issue and be served by the sheriff of said county, requiring the person to appear at the office of such official or board member and to give the requested information or to produce such books or records. All costs incurred on account of the filing of any affidavit, the issue of a writ thereon, and the service of such writ, shall be a charge against the person against whom the writ is issued, provided, however, that if no writ issues all costs shall be a charge against the county in which such proceedings are had and shall be allowed by the board of commissioners thereof."

Respondent has refused to issue the requested writ pending the outcome of a "hearing" on the issue of the necessity of the inquiry being conducted by relator and the necessity for the examination of the books and records requested by relator.

The powers of the State Board of Tax Commissioners, as set forth by statute, include the following:

"64-1621 (14217). Duties and powers of state board.—In addition to all other powers conferred upon the state board of tax commissioners by the provisions of this act, it shall also have the power and it shall be its duty: . . .

Third. To see that all assessments of property in this state are made according to law. . .

Seventh. To examine all books, papers and accounts, and to interrogate under oath or otherwise all persons necessary to enable the board to acquire and obtain all information that could in any manner aid it in securing a compliance with the tax and revenue laws of the state by all persons

or corporations liable to taxation, or liable to pay any license fee under any law in force in this state. . .

Eleventh. To see that each county in the state is visited by at least one (1) member of the board, or a representative thereof, as often as once each year, to the end that complaints concerning the law may be heard, and that information concerning its workings may be collected; that all taxing officers comply with the law, and all violations thereof be punished." Ind. Anno. Stat. § 64-1621.

"§ 64-1608. Investigatory powers.—The state board of tax commissioners, or any member, special representative or hearing officer thereof, shall have the power to subpoena and examine witnesses, to administer oaths, and shall have access to and the power to order the production of, any books or papers in the hands of any person, whenever necessary in the prosecution of any inquiries necessary *or proper* in their official capacity." Ind. Anno. Stat. § 64-1608.

It appears that § 64-1608, *supra,* was passed by the legislature in 1961 (Acts 1961, ch. 319, § 1907), and that § 64-1621, *supra,* originated with the 1919 legislature (Acts 1919, ch. 59, § 177) and was amended last in 1921. (Acts 1921, ch. 222, § 5). All statutes relating to the same subject matter are to be construed together, *Starr* v. *City of Gary* (1934), 206 Ind. 196, 188 N. E. 775; but in a case where two or more statutes deal with the same matter in different language, the latest expression of the legislature is controlling. *Hamilton County Council* v. *State ex rel. Groff* (1949), 227 Ind. 608, 87 N. E. 2d 810.

An examination of §§ 64-1621 and 64-1608, *supra,* will disclose that the state board of tax commissioners has the power under § 64-1608, *supra,* to order the production of books or papers "*whenever necessary* in the prosecution of any inquiries *necessary or proper* in their official capacity" (our emphasis). While these emphasized limitations do not appear in the seventh subdivision of § 64-1621, quoted *supra,* it is clear that both sections have reference to precisely the same power vested in precisely the same state agency. Therefore, § 64-1608, *supra,* the latest legislative en-

actment dealing with the power of the board to order the production of books and papers is controlling, and if the party who is ordered to produce, or if the court itself, enters a challenge to the board's order, it is incumbent upon the board to show that the production of such books or papers is necessary to the board's conduct of a necessary or proper inquiry. In order for the relator board to prevail we perforce would be required to hold that the trial court under § 64-1705, *supra,* had the duty *only* to perform a perfunctory ministerial act. We do not believe this was the intent of the legislature when such section was passed.

It is our opinion that § 64-1705, *supra,* does not foreclose the lower court from holding a hearing on the necessity of the board's order and the necessity or propriety of the board's inquiry. § 64-1705, *supra,* clearly contemplates that discretion to this extent is to be vested in the court from which the writ is being requested in view of the final proviso in that section which reads:

> ". . . provided, however, that if no writ issues all costs shall be a charge against the county in which such proceedings are had and shall be allowed by the board of commissioners thereof."

When a trial court has before it a matter involving the exercise of judicial discretion, this Court will refuse to issue a permanent writ of mandate and prohibition. *State ex rel. Socony Mobil Oil Company* v. *Delaware Circuit Court* (1964), 245 Ind. 154, 196 N. E. 2d 752 and cases cited therein. We conclude that before granting the writ authorized by § 64-1705, *supra,* the respondent Daviess Circuit Court is vested with discretion to determine whether the board of tax commissioners is engaged in the conduct of a "necessary or proper" inquiry and whether the books and documents ordered by the board are "necessary" to such inquiry.

In the determination of whether the books and papers that have been ordered produced are "necessary" to the inquiry,

the lower court may refer to § 63-3021, Ind. Anno. Stat., Burns' 1961 Replacement. That section, a part of the Administrative Adjudication Act, does not apply to the State Board of Tax Commissioners. Nevertheless, it does offer some general guidelines for the court's consideration. § 63-3021, *supra*, provides in part:

> "An agency may issue subpoenas upon its own motion and shall issue subpoenas to any party upon request. *Upon a statement or showing of general relevancy of the evidence sought to be produced, subpoenas issued by the agency may call for the production of relevant books, records and documents. . .*" (our emphasis)

Under this section, where the procedure of a state administrative agency is controlled by the Administrative Adjudication Act, § 63-3001, et seq., Ind. Anno. Stat., an administrative subpoena *duces tecum* will be considered "necessary" if the agency makes a statement or (upon challenge) a showing of the general relevancy of the subpoenaed materials to an authorized administrative inquiry. It is our view that the State Board of Tax Commissioners should be required to show neither more "necessity," nor less, in seeking judicial enforcement of its order to produce.

Although we do not consider it necessary to this opinion, it is interesting to note that in reaching this result, Indiana is in step with courts that have passed upon this question in a constitutional context. See 1 Cooper, *State Administrative Law* 299; *Brovelli* v. *Superior Court of Los Angeles County* (1961), 56 Cal. 2d 524, 364 P. 2d 462, 15 Cal. Rptr. 630; *State ex rel. Railroad & Warehouse Commission* v. *Mees* (1951), 235 Minn. 42, 49 N. W. 2d 386; *Oklahoma Press Pub. Co.* v. *Walling* (1946), 327 U.S. 186. To require a more extensive showing of relevancy would unduly hamper the administrative agency in carrying out its mission. The agency, having both the power and the duty to investigate, has not seen the documents it is demanding and often does not know what those documents might reveal. It is un-

derstandably difficult for the agency to make more than a general showing of relevancy, and the courts have not required more.

Relator contends in its reply brief that respondent's brief in opposition to the alternative writ of mandate and prohibition was invalid because:

(1) only six copies of the document, rather than an original and six copies, were filed with the Clerk of the Supreme Court in contravention of Rule 2-36 of the Rules of the Supreme Court of Indiana;

(2) respondent's return brief was not verified, also in contravention of Rule 2-36;

(3) respondent's return was not properly served upon relator in contravention of Rule 2-35 and relator was thereby deprived of any opportunity to reply thereto; and

(4) respondent's return failed to show any reason in law or fact why the alternative writ heretofore issued should not be made permanent.

Although we agree with relator that respondent's return was defective in that it was not verified, and that the proper documents were not filed with the clerk of this court nor was proper service of the return made upon relator, such return does state a sufficient legal argument to merit consideration by this Court. This Court has held in the past that the filing of a defective return will not prohibit the court from reconsidering an order issuing an alternative writ of mandate and prohibition to determine if such writ was improvidently granted. *State ex rel. Rooney, Bretsch* v. *Lake Circuit Court, Kaul, Judge* (1957), 236 Ind. 345, 140 N. E. 2d 217. The relator incurs no prejudice in this case by virtue of our consideration of the defective return since relator's reply brief was accorded full attention, even though filed more than five (5) days after the respondent's return was filed. Rule 2-37.

In view of our conclusion that the court below has some discretion in determining whether the board's order to pro-

duce involves books and papers "necessary in the prosecution of any inquiries necessary or proper" in the board's official capacity, we conclude that this is not a proper matter for a mandate action, that the alternative writ of mandate and prohibition heretofore issued by this Court was improvidently granted, *State ex rel. Socony Mobil Oil Company* v. *Delaware Circuit Court, supra,* and that such alternative writ must be, and is, vacated and set aside.

Jackson and Lewis, JJ., concur.

Arterburn, J., concurs with opinion in which Mote, J., concurs.

## CONCURRING OPINION

ARTERBURN, J.—Relator contends that since the response was not verified it is entitled automatically to the writ of mandate out of this Court on the authority of *State ex rel. Burk* v. *Judge of Superior Court of Madison County No. 2* (1967), 248 Ind. 394, 229 N. E. 2d 639. I do not believe the rule in that case should be carried so far as to require this Court to close its eyes to that which in my opinion would be ordering an unlawful act. In the *Burk* case *supra* no plain illegality was involved. We would have had to search the record to determine the merits.

There is no need to search the record in the case before us. The illegality is clear on its face. The statute (Burns' § 64-1705, Supp. 1967) under which the State Board of Tax Commissioners asks that the Court be forced to act "forthwith" in issuing a subpoena *duces tecum* does not provide for any hearing according to the Attorney General's position. If this is the position of the State, then the act is unconstitutional. It appears that the State Board of Tax Commissioners is inquiring into the private business records of the taxpayer. The request is quite broad. It includes:

(a)   Records of the last physical inventory taken prior to March 1, 1966.

(b)   All purchase and sales invoices between certain dates.

(c)  General ledger, general journal, purchase journal and sales journal between certain dates.

(d)  A copy of the federal income tax return of the taxpayer for 1965.

To me, at least, the last item is of no concern of the State, since the request by the State Board of Tax Commissioners concerned "tangible" property only.

It seems to me that there has to be some area of discretion given the trial court where a demand as broad as that in this case is made upon the taxpayer. I do not like to see tax officials have unlimited power to pry into everybody's papers and private business. I think a taxpayer has some rights—at least rights as important as some of the communists and criminals have in our courts against self-incrimination. The United States Supreme Court says you cannot compel a communist to register or make an application to register because it might incriminate him. A police officer has no right to ask a defendant any questions relative to the crime if he is a prime suspect until he gets an attorney and the attorney is present, and he has a right to refuse. More recently, it has held that a public employee cannot be compelled to take a loyalty oath because it might incriminate him. I do not agree with such extreme interpretations of the Constitution. But if it is the law, I think the law abiding taxpayer has at least as high a right against an inquiry by a tax official into his private affairs, which inquiry is as broad as this before us.

Finally, I feel this is a matter which is appealable on the issue of the discretion of the trial court, if it is improperly exercised and not a matter for an original action in this Court. I would deny the writ, since the respondent trial court had a hearing and exercised its discretion, which may be reviewable on appeal.

Mote, J., concurs in this opinion.

NOTE.—Reported in 230 N. E. 2d 761.