HATTIE JENKINS *v.* RONALD J. YODER.

[No. 3-874A142. Filed March 10, 1975. Rehearing denied April 28, 1975.]

*John J. Roper, Chapleau, Roper, McInery, Minczeski &
Farabaugh,* of South Bend, for appellant.

*John J. Lorber, Crumpacker, May, Levy & Searer,* of South
Bend, for appellee.

HOFFMAN, J.—This is an appeal by plaintiff-appellant Hattie
Jenkins (Jenkins) from a summary judgment in favor of
defendant-appellee Ronald J. Yoder (Yoder) in an action
for damages arising out of an automobile collision.

On December 19, 1973, Jenkins filed a complaint against
Yoder seeking damages for personal injuries she sustained
in an automobile collision on December 18, 1971. On March
12, 1974, Yoder filed a motion for summary judgment assert-

ing that the action was barred by the two-year statute of limitations set forth in IC 1971, 34-1-2-2 (Burns Code Ed.). On March 29, 1974, the trial court granted such motion and entered summary judgment in favor of Yoder. Jenkins timely filed a motion to correct errors which was overruled, and she subsequently perfected this appeal.

The undisputed facts are that the automobile collision which is the subject of Jenkins' complaint occurred on December 18, 1971, in South Bend, St. Joseph County, Indiana. At the time the collision occurred, Jenkins was an adult and was under no legal disability which would have tolled the statute of limitations. As aforesaid, Jenkins filed her complaint on December 19, 1973.

The sole question presented by this appeal is whether Jenkins' action was barred by the statute of limitations.

Jenkins contends that the applicable statute of limitations ran on her action on the day after the second anniversary of the accident and that, therefore, her action was timely filed and the trial court erred in entering summary judgment against her.

The statute of limitations applicable to Jenkins' action is IC 1971, 34-1-2-2, *supra*, which provides, in pertinent part, as follows:

> "The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards.
> "First. For injuries to person or character, for injuries to personal property, and for a forfeiture of penalty given by statute, within two [2] years: * * *."

Because this statute is silent as to how the time limitation therein contained is to be computed, the provisions of Ind. Rules of Procedure, Trial Rule 6(A), govern. *Ball Stores, Inc.* v. *State Board of Tax Commissioners* (1974), 262 Ind. 386, 316 N.E.2d 674.

The following manner of time computation is provided by Rule TR. 6(A), *supra:*

"In computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included unless it is

(1) a Saturday,

(2) a Sunday,

(3) a legal holiday as defined by state statute, or

(4) a day the office in which the act is to be done is closed during regular business hours.

"In any event, the period runs until the end of the next day that is not a Saturday, a Sunday, a legal holiday, or a day on which the office is closed. * * *."

Prior to the adoption of Rule TR. 6 (A), *supra,* time was computed pursuant to the following statutory provision:

"The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last. If the last day be Sunday, it shall be excluded." IC 1971, 34-1-61-1 (Burns Code Ed.).

Under either of these methods of time computation, the last day of the time period in the case at bar was not a Saturday, a Sunday, a legal holiday or a day on which the Clerk's office was closed.[1]

If computed under the statutory rule, Jenkins' time for filing her complaint would have expired at midnight of December 18, 1973, the second anniversary date of her collision with Yoder. *Fashion Thimble Shoe Company* v. *Withrow* (1942), 110 Ind. App. 668, 40 N.E.2d 359.[2] Jenkins concedes her complaint was not timely filed under this method of computing the time limitation.

However, appellant asserts that Rule TR. 6 (A), *supra,* and IC 1971, 34-1-61-1, *supra,* interrelate in that the period within which her filing must have been accomplished should

---

1. December 18, 1973, was a Tuesday; December 19, 1973, was a Wednesday.

2. *Fashion Thimble Shoe Company* v. *Withrow* was partially overruled by *McKinley* v. *Review Bd. of Indiana Emp. Sec. Div.* (1972), 152 Ind. App. 269, 283 N.E.2d 395. However, it remains valid authority for the proposition for which it is cited herein.

be computed excluding the first day of such period pursuant to IC 1971, 34-1-61-1, *supra,* and that in her case this period would have commenced on December 19, 1971. Then, she contends, under the authority of Rule TR. 6(A), *supra,* the first day of that period (December 19) should be excluded, with the result that her two years would have expired at midnight on December 19, 1973, thus making the filing of her complaint timely under IC 1971, 34-1-2-2, *supra.* Jenkins has cited no authority to this court in support of her interpretation of the effect of these two provisions.

Our Legislature enacted the Indiana Rules of Civil Procedure, of which Rule TR. 6(A), *supra,* is a part, in IC 1971, Title 34, Article 5, Ch. 1. Appellant's conclusion that Rule TR. 6(A), *supra,* supplements rather than supersedes IC 1971, 34-1-61-1, *supra,* apparently is based upon the fact that such statute was not one of those expressly repealed by IC 1971, 34-5-1-3 (Burns Code Ed.). However, in *State ex rel. State Bd. of Tax Comm.* v. *Daviess Cir. Ct.* (1967), 249 Ind. 580, at 583, 230 N.E.2d 761, at 764, Justice Hunter, speaking for our Supreme Court, stated:

> "All statutes relating to the same subject matter are to be construed together, [citation omitted] ; but in a case where two or more statutes deal with the same matter in different language, the latest expression of the legislature is controlling."

See also:

*Hamilton County Council, et al.* v. *State ex rel. Groff* (1949), 227 Ind. 608, 87 N.E.2d 810.

Inasmuch as IC 1971, 34-5-1-1, Rule 6(A), *supra,* was enacted by our Legislature, and promulgated by our Supreme Court pursuant to IC 1971, 34-5-2-1 (Burns Code Ed.), subsequent to the enactment of IC 1971, 34-1-61-1, *supra,* it is the latest expression of the Legislature and the Supreme Court on the subject of time computation in matters of civil procedure, and its provisions are controlling. Therefore, only the provisions of Rule TR. 6(A), *supra,* applied to the computation of the period of the statute of limitations in the case at bar.

Under Rule TR. 6(A), *supra,* Jenkins' time for filing began to run on December 19, 1971, and expired at midnight of December 18, 1973. Thus, her complaint filed December 19, 1973, came after the applicable statute of limitations had run.

The trial court properly granted summary judgment on the undisputed facts before it, and its judgment must be affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.