DIMMON BOWEN, AND OTHERS WHOSE NAMES ARE SET OUT ON
ATTACHMENT AS ADDITIONAL APPELLANTS *v.* REVIEW BOARD OF
THE INDIANA EMPLOYMENT SECURITY DIVISION AND THE
ANACONDA COMPANY WIRE AND CABLE DIVISION.

[No. 2-1275A383. Filed May 25, 1977.]

*Lynnville G. Miles,* of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Darrell K. Diamond,*
Assistant Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—Appellant (Bowen) seeks reversal of an
Employment Security Review Board decision denying him
benefits claiming the Board failed to properly construe IC
1971, 22-4-15-3(e) which allows a worker laid off for an

indefinite period to refuse recall to work if his employer is involved in a labor dispute.

We reverse.

## FACTS

The undisputed facts are:

Claimant was a production and maintenance employee of the Anaconda Company of Anderson, Indiana. The union of which claimant was a member had a contract with Anaconda which expired December 21, 1974. Claimant was placed on indefinite lay-off on December 23, 1974, and received notice on December 30, 1974, to report to work on January 6, 1975. Before that date, on January 3, 1975, Bowen's union went on strike and Bowen refused to accept the recall notice.

Pursuant to IC 1971, 22-4-15-3(e),[1] (the Statute) Bowen sought unemployment compensation as a laid off employee prior to a labor dispute. After an adverse decision by a referee, Bowen appealed to the review board who also denied benefits.

## ISSUE

The precise question raised is:

> Is Bowen a laid-off employee entitled to benefits within the terms of the Statute?

Bowen contends that he plainly falls within the letter of the statute and should be allowed benefits. The Board responds that once a person has received a recall notice he is no longer laid-off for an indefinite period, and thus no longer eligible for benefits.

---

1. IC 1971, 22-4-15-3(e) reads:

(e) Notwithstanding any other provisions of this article, an individual shall not be ineligible for waiting period or benefit rights under this section solely by reason of his failure or refusal to apply for or to accept recall to work or reemployment with an employer during the continuance of a labor dispute at the factory, establishment, or other premises of the employer, if the individual's last separation from the employer occurred prior to the start of the labor dispute and was permanent or for an indefinite period.

## DECISION

*CONCLUSION*—Bowen qualified for benefits under the terms of the Statute.

Our decision merits publication only because this particular provision of the Employment Security Act [IC 22-4-15-3 (e)] has not been previously construed.

Its relevant parts are:

". . . an individual shall not be ineligible for . . . benefit rights . . . solely by reason of his failure or refusal . . . to accept recall to work . . . during the continuance of a labor dispute . . . if the individual's last separation from the employer occurred prior to the start of the labor dispute and was . . . for an indefinite period."

Normally the failure of an employee to accept a recall to work disqualifies him (or her) for unemployment compensation. The Statute, which must be liberally construed,[2] makes an exception if the employee has been separated from employment for an "indefinite period" and then refuses to return to work during an ensuing labor dispute.

Statutes are to be construed to give effect to the ordinary and plain meaning of the words used. If the intent of a statute is unmistakable and its meaning so plain and unambiguous that there is no room for judicial construction, we will adopt the meaning plainly expressed. *See* IC 1971, 1-1-4-1; *Cheney* v. *State ex rel. Risk*

---

2. *See Carnegie-Illinois Steel Corp.* v. *Review Board* (1947), 117 Ind. App. 379, 389, 72 N.E.2d 662, 666:

It is contended on behalf of appellees that the Employment Security Act should be given a broad and liberal construction in favor of the employee in order that the humane purposes for which it was enacted may be realized, citing *Montgomery* v. *Brown* (1940), 109 Ind. App. 95, 27 N.E.2d 884; *Fashion Thimble Shoe Co.* v. *Withrow* (1942), 110 Ind. App. 668, 40 N.E.2d 359, and we certainly agree with this general proposition of law.

Further, it has also been a generally held proposition that provisions under the employment act imposing disqualifications for the benefits shall be strictly construed in favor of the claimants, and shall not be enlarged by implication or by adding to one such disqualified provision words from another. *Johnson* v. *Ford Motor Co.* (1971), 289 Minn. 288, 184 N.W.2d 786; *In Re Watson* (1968), 273 N.C. 629, 161 S.E.2d 1.

(1905), 165 Ind. 121, 74 N.E.2d 892; *United Farm Mutual Insurance Co.* v. *Hanley* (1977), 172 Ind. App. 329, 340, 360 N.E.2d 247, 253.

And so it is with this statute. Its meaning is plain and unambiguous, eliminating any need for judicial construction.

The record indicates Bowen meets all the Statute's requirements for eligibility. He refused to accept recall to work during the continuance of a labor dispute. His last separation in December, 1974 was prior to the start of the dispute and at the time of his separation there was no date set for his return (an indefinite period).

The Board's argument that because Bowen had been recalled to work to report three days after the strike began, his separation from employment was no longer "for an indefinite period," is unavailing. The Statute makes the point of reference of the "indefinite period" the "individual's last separation" from employment, not the receipt of a notice to return to work. The Board would merely add an additional condition of eligibility not contemplated by the Legislature.

Our conclusion is consistent with Indiana case law[3] and obvious legislative intent in amending the Employment Security Act in 1971 to extend eligibility, not just to claimants who reject *new* work, but to workers who also refuse a recall to work because of a labor dispute. This was clearly a conscious extra benefit conveyed by the Legislature. Federal legislation does *not* go so far. *See* IC 1971, 22-4-15-2 and 3 (e) ; 26 U.S.C. § 3304.

Thus, we reverse and remand this case for further proceedings consistent with this opinion.

White and Hoffman, JJ. (by designation), concur.

NOTE.—Reported at 362 N.E.2d 1178.

---

3. *Muncie Foundry Div. of Borg Warner Corp.* v. *Review Board* (1947), 114 Ind. App. 475, 51 N.E.2d 891.