SECRETARY OF STATE OF INDIANA *v.* INDIANA STATE AFL-CIO AND
WILLIS ZAGROVICH

[No. 1-877A180. Filed January 30, 1978. Rehearing denied March 7, 1978.
Transfer denied May 26, 1978.]

*Theodore L. Sendak*, Attorney General, *Arthur Thaddeus Perry*,
Assistant Attorney General, for appellant.

*Nelson G. Grills*, of Indianapolis, for appellees.

ROBERTSON, C.J.—Defendant-appellant Secretary of State is appealing from a declaratory judgment in Hancock Circuit Court wherein
the court held that plaintiff-appellee Willis Zagrovich (Zagrovich)
was not in violation of IC 1971, 2-4-3-7 (Burns Code Ed.), which prohibits public officials from lobbying for compensation.

The issue raised in this appeal is whether the trial court erred
in finding that Zagrovich's salary as president of the state AFL-CIO did not constitute compensation for lobbying and, therefore,
that he was not in violation of IC 1971, 2-4-3-7.

It is undisputed that Zagrovich's responsibilities as president of
the state AFL-CIO include representing the interests of the
members of the organization before the General Assembly, to-wit:
lobbying. On January 11, 1977, the Secretary of State denied
Zagrovich a lobbyist registration card based on IC 1971, 2-4-3-7 since
Zagrovich serves on the Occupation Safety Standards Commission

(Commission) of the Indiana Department of Labor and since Zagrovich is a member of the Indiana Manpower Development Council (Council). Shortly thereafter, Zagrovich and the state AFL-CIO filed a complaint for declaratory judgment, with the subsequent judgment for Zagrovich.

We reverse and remand.

Crucial to our disposition of this appeal is the construction of IC 1971, 2-4-3-7, which states, in pertinent part, as follows:

"It shall be unlawful for any public official of this state, or of any county, township, city or town, including elective and appointive officers and employees, * * * to receive any compensation whatsoever from any source, directly or indirectly, for appearing before the general assembly of the state of Indiana, or before either house or any committees of the general assembly or either house thereof or before any member as a legislative counsel or agent."

Judicial construction of our state statutes is guided by IC 1971, 1-1-4-1 (Burns Code Ed.) and its case law progeny. IC 1971, 1-1-4-1 states, in part:

"The construction of all statutes of this state shall be by the following rules, unless such construction be plainly repugnant to the intent of the legislature or of the context of the same statute:

First. Words and phrases shall be taken in their plain, or ordinary and usual sense."

*See Bowen v. Review Bd. of Ind. Employment Sec. Div.* (1977), 173 Ind. App. 166, 362 N.E.2d 1178; *Dunbar v. State* (1974), 162 Ind. App. 375, 319 N.E.2d 630.

Here, the trial court determined that Zagrovich was a "public official" within the meaning of IC 1971, 2-4-3-7 because of his positions on the Commission and Council. We agree with that conclusion since the statute clearly states that it applies to *public officials, elected and appointed.* Any finer distinctions as to what constitutes a "public official" within the contemplation of the Indiana lobbyist

registration statutes should be drawn by our legislature and not the appellate courts.

We disagree, however, with the trial court's conclusion that Zagrovich's salary did not constitute "compensation" for lobbying so as to place him in violation of IC 1971, 2-4-3-7. The trial court held that because Zagrovich is on a salary which is neither increased nor diminished by his lobbying efforts, Zagrovich does not receive compensation for being a lobbyist. However, the statute in our opinion, unambiguously establishes the proscribed compensation as "compensation whatsoever from any source, directly or indirectly." Certainly, Zagrovich's salary is compensation for services rendered as president of the AFL-CIO — and one of those services rendered is lobbying. The fact that Zagrovich may receive no additional compensation for lobbying does not mean, in our estimation, that he is not being compensated by way of his salary for lobbying.

We note that our Indiana case law is not helpful in defining what is comprehended by the term "compensation" although another of our state statutes, the Indiana Ethics and Conflicts of Interest Act, IC 1971, 4-2-6-1 — 4-2-6-10 (Burns Code Ed., Supp. 1977) provides some guidance. IC 1971, 4-2-6-1(b)[1] states that " '[c]ompensation' means any money, thing or value, or economic benefit conferred on, or received by, any person in return for services rendered, or for services to be rendered, whether by that person or another." Moreover, according to the weight of authority evidenced in the case law of other jurisdictions, the term "compensation" comprehends a broad meaning — including salaries. *See United Boxboard & Paper Co. v. McEwan Bros. Co.,* _____ N.J. Ch. _____, 76 A. 550 (1910); *see generally: Treu v. Kirkwood,* 42 Cal.2d 602, 268 P.2d 482 (1954); *State v. Bland,* 91 Kan. 160, 136 P. 947 (1913) ("[T]he ordinary meaning of the term 'compensation' as applied to public officers is remuneration in whatever form it may be given, whether it be salaries or fees, or both combined."). With

---

1. The Indiana code of ethics for the conduct of state business [Rules (4-2-6-3) — (4-2-6-3)-9], similarly defines "compensation". *See* Rule (4-2-6-3)-3 [D] (Burns Adm. Rules and Regulation).

regard to the meaning comprehended in the statute before us, we believe that "compensation" is essentially synonymous with "salary".

We conclude, therefore, that Zagrovich receives compensation for lobbying, which, as a public official, he is prohibited by statute from receiving.

The judgment of the trial court is reversed and the cause remanded for any further action not inconsistent with this opinion.

Reversed and remanded.

Lowdermilk and Lybrook, JJ., concur.

NOTE—Reported at 371 N.E.2d 1343.