**FUIFATU SEFO PATAU, Appellant**

**v.**

**ROSENDAHL CORP. and RALSTON PURINA CO., Appellees**

High Court of American Samoa
Appellate Division

AP No. 11-91

March 12, 1992

Before GOODWIN,* Acting Associate Justice, MUNSON,** Acting Associate Justice, MALAETASI,*** Acting Associate Justice, MATA'UTIA, Associate Judge, and MAILO, Associate Judge.

Counsel: For Appellant, Togiola T.A. Tulafono
For Appellees, Robert A. Dennison III

Goodwin, J.:

Fuifatu Sefo Patau appeals a summary judgment entered in favor of the defendants for failure to commence this personal injury action within the statutory period of limitations. We affirm the judgment.

On March 21, 1987, Patau suffered an amputation of his left forearm while working in the Samoa Packing Company plant in Pago Pago. He obtained counsel who negotiated a settlement with the packing company's compensation carrier. Then, through San Diego counsel, he attempted to bring an action in the United States District Court for the Southern District of California against the named defendants for damages. This action was dismissed because his counsel failed to allege diversity of citizenship and then failed to amend his pleading within a reasonable time.

On March 22, 1989, two years and one day after his accident, Patau filed this action against the named defendants.

Ralston moved for summary judgment on a number of grounds that we need not reach, because the trial court correctly determined that the case had not been brought within the time limit of A.S.C.A. § 43.0120.

---

* Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

** Honorable Alex R. Munson, Chief Judge, United States District Court for the Northern Mariana Islands, serving by designation of the Secretary of the Interior.

*** Honorable Malaetasi Togafau, District Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.

The trial court memorandum on the statute of limitations reads as follows:

> Plaintiff asserts that his complaint was timely filed since the statutory period begins the day after the event. T.C.R.C.P. Rule 6. We disagree with plaintiff's conclusion and hold that his complaint was one day late since the limitation period expired at midnight March 21, 1989. See Jenkins v. Yoder, 324 N.E.2d 520 (Ind. 1975); 51 Am. Jur. 2d Limitation of Actions §§ 58-60.
>
> A.S.C.A. § 43.0120 unambiguously provides in pertinent part:
>
> > Actions may be brought within the following times after their causes accrue, and not afterward, except where otherwise especially declared:
> > . . .
> > (2) actions founded on injuries to the person . . . , whether based on contract or tort, . . . within two years.
>
> (Emphasis added by trial court). While there are very specific statutory exceptions given that would toll the statute, see A.S.C.A. §§ 43.0124-43.0127, the facts here do not come within any of those exceptions.
>
> We agree with the trial court. The judgment is AFFIRMED.