BRIGHT PCS/SBA COMMUNICATIONS, Appellant–Defendant,

v.

John SEELY, Appellee–Plaintiff.

No. 02A03–0012–CV–433.

Court of Appeals of Indiana.

Aug. 14, 2001.

Rehearing Denied September 18, 2001.

M. Randall Spencer, Monica S. Sandkuhler, Miller Carson Boxberger & Murphy, LLP, Fort Wayne, IN, Attorneys for Appellant.

John Seely, Fort Wayne, IN, Appellee Pro Se.

## OPINION

SULLIVAN, Judge.

Appellant–Defendant, Bright PCS/SBA Communications ("Bright"), appeals from the trial court's denial of Bright's motion to dismiss Appellee–Plaintiff John Seely's petition for writ of certiorari. Bright presents two issues upon appeal, one of which we find dispositive. We restate this issue as whether the trial court was required to dismiss Seely's petition because it was not filed within the time limits set forth in Ind.Code § 36–7–4–1003 (Burns Code Ed. Repl.1995).

We reverse and remand.

On May 11, 2000, the Board of Zoning Appeals of the City of Fort Wayne ("the Board") granted a zoning variance to Bright. Seely sought to appeal the Board's decision and filed a petition for writ of certiorari with the clerk of the Allen County Circuit and Superior Courts on June 14, 2000. On June 23, 2000, Bright filed a motion to dismiss Seely's petition claiming that the petition was not filed within the thirty-day time limit as required by I.C. § 36–7–4–1003. On July 13, 2000, Seely petitioned the trial court to "enlarge, as described by [Ind.Trial Rule 6(B)], the time [Seely] had to file his petition for a writ of Certiorari by, AT LEAST, two days, until June 14, 2000."

Record at 134. Thereafter, on October 31, 2000, the trial court issued an order denying Bright's motion to dismiss.

On November 13, 2000, Bright filed a petition to certify an interlocutory appeal pursuant to former Ind.Appellate Rule 4(B), which the trial court granted. On January 9, 2001, this court issued an order accepting jurisdiction over this appeal.

Bright claims that the trial court erred in denying its motion to dismiss Seely's petition for writ of certiorari because I.C. § 36–7–4–1003 requires that such petitions be filed within thirty days after the decision of the board of zoning appeals. Seely filed his petition thirty-four days after the Board's decision. Seely contends that the trial court had the discretion to extend this time limit pursuant to Ind.Trial Rule 6(B)(2), which allows for extensions of time "where the failure to act was the result of excusable neglect. . . ." Bright, however, claims that T.R. 6(B) is inapplicable.

Seely notes that thirty days from the date of the Board's decision was a Saturday. In certain situations, Ind.Trial Rule 6(A) extends a deadline that would otherwise fall on a Saturday, Sunday, or legal holiday. Numerous decisions have stated that, where a statute is silent as to the method of computing time, Trial Rule 6(A) will apply. See *Lincoln v. Board of Com'rs of Tippecanoe County*, 510 N.E.2d 716 (Ind.Ct.App.1987); *Inland Steel Co. v. Brown*, 496 N.E.2d 1332 (Ind.Ct.App. 1986); *City of South Bend v. Users of Sewage Disposal Facilities of Clay Utilities, Inc.*, 402 N.E.2d 1267 (Ind.Ct.App. 1980); *Jenkins v. Yoder*, 163 Ind.App. 377, 324 N.E.2d 520 (1975); *Ball Stores, Inc. v. State Bd. of Tax Com'rs*, 262 Ind. 386, 316 N.E.2d 674 (1974).

Seely claims that if T.R. 6(A) is applicable to the thirty-day time limit set forth in Section 1003, then T.R. 6(B) should like-

wise be applicable. However, even if we assume, without deciding, that T.R. 6(A) applies because Section 1003 is silent as to the method of computing time, we do not agree that T.R. 6(B) must also apply.

■ According to its text, T.R. 6(A) applies to computing the "period of time prescribed or allowed by these rules, by order of the court, or by *any applicable statute* . . . ." (emphasis supplied). However, the text of T.R. 6(B) states that it applies only to acts required or allowed "*by these rules* . . . ." (emphasis supplied). Furthermore, this court has held that failure to comply with the time limitations of Section 1003 is fatal to a petitioner's claim. *See Shorewood Forest Property Owners Ass'n, Inc. v. Porter County Plan Com'n,* 478 N.E.2d 124, 126 (Ind.Ct.App.1985); *Biggs v. Board of Zoning Appeals of City of Wabash,* 448 N.E.2d 693, 694 (Ind.Ct. App.1983), *trans. denied.* We therefore hold that T.R. 6(B) does not apply to the statutory thirty-day time limit set forth in Section 1003.

Assuming that T.R. 6(A) applies to Section 1003, Seely would still have been required to present his petition to the trial court by Monday, June 12, 2000. Seely did not file his petition until Wednesday, June 14, 2000. Because Seely failed to file his petition within the time limit set forth in Section 1003, the trial court erred in denying Bright's motion to dismiss. Therefore, we reverse the decision of the trial court and remand with instructions to grant Bright's motion to dismiss Seely's petition for writ of certiorari.

FRIEDLANDER, J., and RILEY, J., concur.