**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 11 2013, 9:40 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEPHEN P. MURPHY, JR.**
Evansville, Indiana

ATTORNEY FOR APPELLEE:

**DAVID M. SHAW**
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TAMMY SYERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A05-1205-CC-276 |
| | ) | |
| JKL CONSTRUCTION & HOME MAINTENANCE, | ) | |
| | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Tornatta, Judge
Cause No. 82D03-1001-CC-66

**February 11, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Tammy Syers (Syers), appeals the trial court's judgment in favor of Appellee-Plaintiff, JKL Construction & Home Maintenance (JKL).

We affirm.

## ISSUES

Syers raises two issues on appeal, which we restate as:

(1) Whether JKL's mechanics lien was timely filed; and

(2) Whether JKL's mechanics lien is void because of an overstated amount.

## FACTS AND PROCEDURAL HISTORY

Syers, a resident of Colorado, owned a three unit rental property in Evansville, Indiana. All units required repairs, prompting Syers to contact JKL. JKL is a construction company providing property restoration and repair services. The parties verbally agreed on the scope of work and JKL estimated a price of $4,500. On May 25, 2009, JKL generated an invoice to memorialize the scope of work and the contract price.

On May 27, 2009, Syers paid JKL $2,250 by credit card. In June 2009, JKL purchased materials for the work. JKL also retained a subcontractor to perform part of the services. In July, Syers notified JKL that she was dissatisfied with progress on the work yet also offered to make another payment. On July 11, 2009, Syers paid JKL $1,150 by credit card. On July 20, 2009, a building permit was issued for the work. Syers informed JKL that she disputed the work done and would seek a refund of all credit card payments to JKL. Thereafter, JKL ceased performing work on Syers' property.

On Monday, October 19, 2009, JKL filed a Notice of Mechanic's Lien in the amount of $4,500. On January 6, 2010, JKL filed its Complaint to Foreclose on Mechanic's Lien, which was later amended. On January 29, 2010, the trial court received correspondence from Syers which it deemed to be an Answer denying JKL's claim.

On April 27, 2012, a bench trial was held. JKL's president, Sean Hopple (Hopple), testified that JKL performed work after receiving the building permit and last performed work on Syers' property "a few days after" July 20, 2009. (Transcript p. 8). Following the presentation of evidence, the trial court entered judgment in favor of JKL. It concluded that JKL performed work as late as July 21, 2009 and had therefore timely filed its mechanic's lien. The trial court awarded JKL $2,582.31 for its labor and materials and $860.77 in attorneys fees. The total amount awarded was $3,443.08 plus court costs.

Syers now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Standard of Review*

Our review of the trial court's judgment following a bench trial is governed by Ind. Trial R. 52(A). *See Abbey Villas Dev. Corp. v. Site Contractors, Inc.*, 716 N.E.2d 91, 97 (Ind. Ct. App. 1991), *trans. denied*. Neither party appears to have requested special findings; the trial court therefore entered its findings *sua sponte*. When the trial court enters findings *sua sponte*, the specific findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the court has

3

not found. *In re Resnover*, 979 N.E.2d 668, 671 (Ind. Ct. App. 2012). The specific findings will not be set aside unless they are clearly erroneous, and we will affirm the general judgment on any legal theory supported by the evidence. *Id*. A finding is clearly erroneous when there are no facts or inferences drawn therefrom to support it. *Id*. In reviewing the trial court's findings, we neither reweigh the evidence nor judge the credibility of the witnesses. *Id*. Rather, we consider only the evidence and reasonable inferences drawn therefrom that support the findings. *Id.*

## II. *Mechanic's Lien*

Indiana's mechanic's lien statute is found at Ind. Code § 32-28-3-1, *et seq*. Mechanic's liens provide a mechanism for contractors who have not been paid to seek payment from construction project owners by attaching a lien to real estate. *See Gill v. Pollert*, 810 N.E.2d 1050, 1058 (Ind. 2004). Mechanic's liens were unknown at common law and are purely creatures of statute. *Cho v. Purdue Research Foundation*, 803 N.E.2d 1161, 1167 (Ind. Ct. App. 2004). As a consequence, mechanic's liens can only exist when the claimant has complied with the applicable statutory steps. *Id*. at 1168. The courts generally have strictly construed the requirements for creating a lien, while liberally applying the remedial aspects of the mechanic's lien statutes. *Id*.

Pursuant to I.C. § 32-28-3-3, a person who wishes to acquire a mechanic's lien must file a sworn statement and notice of the person's intention to hold a lien. In addition to providing details on the amount claimed and the identities of the claimant, owner, and land, the filing must occur within certain deadlines. *See* I.C. § 32-28-3-3(a-c). The time

4

frame relied upon in this case is set forth in I.C. § 32-28-3-3(a), which provides that liens against property be filed within ninety days of completing the work.

On appeal, Syers contends that JKL's mechanic's lien was untimely filed. Specifically, she asserts that JKL's notice was filed October 19, 2010 and that ninety days' prior to that date is July 21, 2009. Disputing the trial court's finding that work stopped on or after July 21, 2009, she maintains that JKL presented equivocal evidence providing three possible dates when JKL stopped work: (1) a few days after July 11, 2009, (2) before July 17, 2009; or (3) July 20, 2009. As a result, she contends that JKL failed to make a *prima facie* case that its mechanic's lien was timely filed. We disagree.

The trial court concluded that JKL's mechanic's lien was timely filed because the lien was based on work done up until July 21, 2009. Although Syers characterizes Hopple's testimony on when worked ceased as inconclusive, there is evidence in the record to support the trial court's determination that JKL's work stopped on July 21, 2009 or thereafter. Specifically, Hopple testified that on the day he received the building permit, July 20, 2009, JKL was still doing work. He also testified that JKL last did work "[a] few days after" July 20, 2009 "or a day or two thereafter." (Tr. p. 8). We may not ignore evidence favorable to the judgment, nor reweigh the evidence. *See Abbey Villas Dev. Corp.*, 716 N.E.2d at 97. Syers' challenge is simply a request for us to do so.

Furthermore, JKL's mechanic's lien notice would not fail even if, as suggested by Syers, its work ceased on July 20, 2009. I.C. § 32-28-3-3(a) specifies that liens against property be filed within ninety days of completion of the work. As JKL argues, the

statute does not specify a manner for computing the ninety day time period. As a result, "where a statute is silent as to the method of computing time, [Ind.] Trial Rule 6 applies." *Bright PCS/SBA Communications v. Seely*, 753 N.E.2d 757, 758 (Ind. Ct. App. 2001), *reh'g denied*. Ind. Trial Rule 6 prescribes the manner of computing time periods "when acts are required by […] any applicable statute." T.R. 6(A). The rule excludes the first day and includes the last day except where the last day falls on a Sunday. *See* T.R. 6(A)(2).

We conclude that JKL's notice was valid because it was filed ninety days after completion of the work. The trial court took judicial notice that October 19, 2009 was a Monday. If JKL completed work on July 20, 2009, ninety days thereafter would fall on Sunday, October 18, 2009. Pursuant to T.R. 6(A)(2), filing would be due on the following day. We therefore reject Syers' claim that JKL's mechanic's lien was untimely filed.

## III. *Overstated Lien*

Syers also contends that JKL's mechanic's lien is void because it overstated the amount due. An overstatement of the amount of the lien renders the lien void where the lien holder acts intentionally or with culpable negligence. *See Abbey Villas Dev. Corp.*, 716 N.E.2d at 100-101. However, "a mere mistake in the statement will not necessarily render the whole lien void when it is evident that no fraud is intended, and where it has not misled the defendant owner to his prejudice in making his defense." *Id.*

6

Here, JKL's lien overstated the amount established by the trial court. However, Syers has not shown fraud or how she was misled to her prejudice. Although JKL's notice was for the full contract amount, its right to that amount depended upon what it could establish at trial. Hopple testified that he incurred approximately $2,200 in subcontractor and materials costs, but provided value in excess of the $3,300 paid by Syers. The trial court determined that "an appropriate amount for labor materials, and reasonable profit and permits was $2,582.31 to which it added attorneys fees of $860.77 for a total award of $3,443.08. (Appellee's Br. p. 12). Syers, apart from asserting at trial that "it's not clear exactly what the lien in this case should be," has not demonstrated how she was misled or prejudiced by the overstatement. (Tr. p. 35). We therefore conclude that JKL's lien is not void for overstating the amount proven at trial.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly determined that JKL's mechanic's lien was timely filed. We also conclude that the lien is not void because of an overstatement in amount and therefore affirm the trial court's judgment in favor of JKL.

Affirmed.

BAKER, J. and BARNES, J. concur