WHITTAKER *v.* BURGAUER, D/B/A MUNCIE TYPEWRITER EXCHANGE.

[No. 768-A-126. Filed February 17, 1969. No petition for rehearing filed.]

*John V. Hampton,* Muncie, for appellant.

*Geoffrey Segar, G. Daniel Kelley, Jr., Ice Miller Donadio & Ryan,* Indianapolis, and *Myers, Slagle & Shirey,* Muncie, for appellee.

PER CURIAM.—Appellee herein has by motion moved to dismiss this appeal or, in the alternative, affirm the award of the Industrial Board denying relief to the appellant.

Appellee bases his motion on the following contentions:

1. That appellant's brief does not demonstrate a good faith effort to comply with Supreme Court Rule 2-17 and that appellant's brief is defective because of the failure to comply with said rule.

2. That Supreme Court Rule 2-15 and the 30-day statutory period therein within which appellant must file his brief after the filing of his transcript and assignment of errors

has not been subscribed to in this cause thereby requiring dismissal of this appeal.

3. That appellant's assignment of errors is fatally defective in that the error assigned, to-wit: "that the *decision* of the full Industrial Board of Indiana", etc. is insufficient to present a question on appeal; the proper assignment being, "that the *award*", etc (Emphasis supplied).

Appellant's brief omits a summary of the evidence as required by Supreme Court Rule 2-17(e). The summary of the evidence has been intermingled with argument and citations of authority, all of which is contained in the argument section of appellant's brief, and there is no attempt to indicate by reference the page and line of the transcript wherein a verbatim recital of the evidence can be found.

Supreme Court Rule 2-17(e) requires that the appellant summarize the evidence and the record as they are pertinent to the issues to be determined on appeal. This summary is then required to be included in the argument portion of the brief pursuant to the provisions of Supreme Court Rule 2-17(h). The effect of these two subsections requires that those portions of the record pertinent to the appellant's alleged errors be summarized at the beginning of the argument section of the appellant's brief. If the correct procedure is followed, the appellee then has the duty of examining the record and the evidence in order to supply omitted parts and make corrections in references to pages and lines of the transcript. Strict compliance with these rules allows all parties and this court the opportunity to precisely determine the issues and alleged errors without having to speculate as to whether the appellant has presented evidence, argument, or unsupported contentions, not contained in the record. Therefore, the appellant is required to summarize the record and the evidence in a separate portion of his argument and if this is not done, the judgment of the

lower court is required to be affirmed. Supreme Court Rule 2-17 reads in part as follows:

"(e) It shall be unnecessary to set out the entire record or the bill of exceptions with the evidence in the brief in a separate section thereof. In lieu thereof, the appellant shall set forth a summary of the evidence and the record which he believes to be pertinent to the issues involved in the initial portion of the argument section of the brief, with specific reference to the line and page in the transcript where such evidence may be found or the pleadings or other paper may be found. . . .

"(h) The briefs shall contain under the heading 'Argument' the matters required under paragraph (e) above with reference to the record and the evidence, and shall specify such of the assigned errors as are intended to be urged, . . .".

Appellee has also moved that this appeal be dismissed because of appellant's alleged failure to file his brief within thirty days after the filing of the transcript and assignment of errors. Supreme Court Rule 2-15 provides for this thirty day limitation. Appellee has referred us to our decision in the case of *Lee v. Economy Finance Corp.* (1968), 143 Ind. App. 267, 239 N. E. 2d 612, in which this court dismissed an appeal from an award of the Industrial Board. That opinion stated that where the transcript and assignment of errors were filed on April 26, the 30-day time period expired on May 25. This computation would seem to indicate that the time period provided for by Rule 2-15 begins to run on the date the transcript and assignment of errors are filed. This court respectfully submits that such an interpretation is wholly erroneous and that any inference to the effect that the filing date is the first day of computation in the 30-day period is the result of a typographical error rather than our interpretation of the law.

Burns' Ind. Stat. Ann., § 2-4704, provides as follows:

"The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and

including the last. If the last day be Sunday, it shall be excluded."

In the case at bar, the appellant filed the transcript and assignment of errors on October 24, 1968. If we were to follow the inference of the *Lee* case, *supra*, it would seem that appellant's time would have expired on November 22, 1968, three days prior to the day on which the appellant's brief was filed, that being November 25, 1968. A computation pursuant to Burns' § 2-4704 would still seem to indicate dismissal because the brief would still be two days late even if the filing date of the transcript and assignment of errors was not counted. However, in this case, if the transcript filing date is not counted, the 30-day period expires on Saturday, November 23, 1968, and pursuant to Supreme Court Rule 2-19, appellant would have until midnight Monday, Novenber 25, 1968, in which to file his brief. Supreme Court Rule 2-9 states in part:

"If the last day for any filing falls on Saturday . . . the time for such filing shall include the first day thereafter which is not a Saturday or a holiday."

Appellant did in fact file his brief on Monday, November 25, 1968, within the statutory time and, therefore, this court does have jurisdiction of this appeal and this appeal may not be dismissed pursuant to the provisions of Supreme Court Rule 2-15.

In light of our references to affirmance or dismissal in discussing appellee's motion and the specifications therein, this court is of the opinion that a differentiation should be made as to when an appeal is to be dismissed or when a judgment is to be affirmed. Judge Wiltrout has discussed this problem in his treatise on Indiana practice and in that work has made reference to the fact that the opinions of our courts of appeal have often differed as to the proper disposition of an appeal that has been success-

fully attacked by a motion to dismiss or affirm.[1] It is our opinion that dismissal of a cause is proper only when this court does not have jurisdiction of an appeal.[2] In all other situations, this court must either affirm the judgment below or deny appellee's motion and make a determination on the merits.

In the instant case, appellant's failure to comply with Supreme Court Rule 2-17 does not invoke a question of jurisdiction. Therefore, his failure to comply in good faith with said rule requires that the award of the Industrial Board of Indiana be affirmed.

It is our opinion that appellee's third specification in his motion to dismiss or affirm requires no discussion in view of the fact that his first specification of error is correct and justifies our affirmance of the award of the Industrial Board.

Award affirmed.

NOTE.—Reported in 244 N. E. 2d 445.

---

1. *Indiana Trial and Appellate Practice*, Sec. 2521.

2. *State ex rel Hurd v. Davis*, (1949), 227 Ind. 93, 84 N.E. 2d 181. *Waggoner v. State* (1949), 227 Ind. 269, 85 N.E. 2d 642.