BALL STORES, INC., AN INDIANA CORPORATION AND EDMUND PETTY *v.* STATE BOARD OF TAX COMMISSIONERS, CARLTON L. PHILLIPPI, CHAIRMAN, DURWOOD S. STRANG AND TAYLOR I. MORRIS, JR., AS MEMBERS OF THE STATE BOARD OF TAX COMMISSIONERS.

[No. 974S195. Filed September 24, 1974.]

Richard D. Hughes, DeFur, Voran, Hanley, Radcliff, & Reed, of Muncie, for appellants.

Theodore L. Sendak, Attorney General, Curtis J. Butcher, Deputy Attorney General, for appellees.

## ON PETITION TO TRANSFER

HUNTER, J.—This cause arises upon petition to transfer. Petitioner contends that the decision of the Court of Appeals (307 N.E.2d 106) erroneously decided new questions of law by holding:

". . . that Trial Rule 6 A of the Indiana Rules of Procedure is not applicable to supplement IC 1971, 6-1-31-4 (Burns Ind. Stat. Anno. § 64-1004) to provide a method for computing a time period prescribed by the statute where the statute itself does not provide a method for computing such time period."

and by holding:

". . . that taxpayer's notice of appeal of a final determination of the State Board of Tax Commissioners received by the Board on the following Monday when the 30th day of the time period prescribed by IC 1971, 6-1-31-4 (Burns Ind. Stat. Anno. § 64-1004) fell on the preceding Saturday or Sunday, was not timely filed."

and by holding that its opinion:

". . . purports to follow the ruling precedent of the Supreme Court of Indiana in *Clary* v. *National Friction Products, Inc.* (1972), 259 Ind. 581, 290 N.E.2d 53, but that such ruling precedent is erroneous and is distinguishable on its facts, and that such ruling is in need of clarification and modification."

This is an attempted judicial appeal from the final administrative determination by the State Board of Tax Commissioners of petitioner's property assessment. At issue is the meaning of the time limitation contained within IC 1971, 6-1-31-4, which, in pertinent part, reads:

"* * * At any time within thirty (30) days after the board gives notice of its determination, an appeal may be taken by filing a written notice with the board asking for such appeal and designating the court to which such appeal is being taken, together with the filing of a complaint in said court, a copy of which shall be served upon the attorney-general as provided by the Acts of 1945, chapter 3, section 1 [superseded], as amended; no such appeal shall be deemed to have been commenced unless the service of such complaint upon the attorney-general, as therein provided, is made within thirty (30) days after the board gives notice of its determination as provided herein. Upon such appeal being requested, the secretary of the board shall make out and certify to a complete transcript of the proceedings, not including the evidence, had with respect to the property of the person so appealing, and transmit the same to the clerk of the designated court. Such appeal shall be tried by the court without the intervention of a jury, and the trial shall be governed by the laws governing civil actions. * * *"

From the express statutory language, it is clear that the legislature intended the taxpayer to have thirty (30) days within which to commence his right to appeal from the final administrative determination by the Board. Any time period less than the full thirty days would be contrary to the intent of the legislature. Although the statute of limitations prescribed by the foregoing provision is simply stated, it is the application of the rules for the computation of time with which we are concerned.

The statutory time period commenced with the issuance of the final determinations of assessment on May 11, 1972. Thereafter, plaintiff filed a complaint to appeal such assessments on June 7—clearly within the prescribed thirty-day period. On June 8, within the statutory time frame, notice of appeal, summons and complaint were sent by certified mail (return receipt requested) to the Board and to the Attorney General. The thirtieth day expired at midnight on Saturday, June 10, when the State Board was officially closed for business. The Board actually received the notice on Monday, June 12, the thirty-second day after the final assessment notices were given.

The Board raised the point of untimely filing in the Delaware Superior Court by motion to dismiss, which was subsequently overruled. The case was venued to the Henry Circuit Court where a motion to reconsider the former ruling was sustained and the complaint dismissed. Upon appeal, the Court of Appeals reluctantly affirmed. (307 N.E.2d 106)

Obviously, the plaintiff timely filed its complaint in the trial court on June 7, but because the notice of appeal did not actually reach the Board until Monday June 12, Ball's forum was irrevocably closed. Such result can neither be grounded in logic nor reason and is contrary to the expressed legislative intent that the taxpayer act within the thirty days prescribed. Every conceivable element of fair play, common sense and logic mandates that the taxpayer be afforded the full thirty days to complete his appeal to the courts. The Board should either make provision for the actual receipt of such notices on the thirtieth day or recognize that when such receipt is impossible (e.g., because of the closing of its offices and/or the non-delivery of the United States mails on Sundays and holidays), receipt on the next business day is a timely receipt of notice—particularly when the taxpayer's inability to make delivery of such notice is beyond his control.

The statute does make provision for commencing the time period. It expressly provides that such period commences at the time of mailing. However, the statute is silent as to when

the thirty-day period expires when receipt of notice falls on a Saturday, Sunday or holiday. Bearing in mind that the only legislative guidance authorizes the taxpayer to have thirty days within which to take his judicial appeal, we now examine the questions presented by the petition to transfer.

Trial Rule 1 of the Indiana Rules of Trial Procedure provides:

"Except as otherwise provided, these rules govern the procedure and practice in all courts of the state of Indiana in all suits of a civil nature whether cognizable as cases at law, in equity, *or of statutory origin.* They shall be construed to secure the just, speedy and inexpensive determination of every action." (Emphasis added)

Trial Rule 6(A) of the Indiana Rules of Trial Procedure provides:

"(A) *Computation.* In computing *any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute,* the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included unless it is

(1)   a Saturday,

(2)   a Sunday,

(3)   a legal holiday as defined by state statute, or

(4)   a day the office in which the act is to be done is closed during regular business hours.

"In any event, the period runs until the end of the next day that is not a Saturday, a Sunday, a legal holiday, or a day on which the office is closed. When the period of time allowed is less than seven [7] days, intermediate Saturdays, Sundays, legal holidays, and days on which the office is closed shall be excluded from the computations." (Emphasis added)

Two leading authorities on Indiana procedure have approved the above interpretation as being applicable to statutes of limitation. In discussing the application of TR. 6(A), Harvey, at 1 INDIANA PRACTICE, RULES OF PROCEDURE ANNOTATED, § 6.2, p. 437, states:

"*   *   *

"A question is presented whether this Rule will extend the statute of limitations? That is, when the 'applicable statute' *is silent on how time is to be computed,* does this Rule require that the computation be made according to it, and if not, then should it be applied to a statute of limitations— although the Rule does not 'require' it?

"A preferred line of cases says that Rule 6(A) should receive a liberal construction, which is mandated by Rule 1 and see Rule 8(F) and that consistent with this policy where the statute of limitations *is silent as to how time is to be computed, this Rule governs.* See, for example, Wilkes v. United States, C.A. Ga. 1951, 192 F. 2d 128. * * *" (Emphasis added)

At 1 BOBBITT'S REVISION OF WORKS' INDIANA PRACTICE, § 1.4, p. 15, the following comments appear:

*"Application of Rules to civil actions and to special statutory proceedings.*

"Briefly stated, the general rule is that the Rules are applicable to proceedings brought under special statutes, *except where the statute provides its own procedure or where it is evident that the Code practice is intended to be excluded.*[65] * * *"

(Footnote 65.)   ". . . Racer v. Baker, (1887) 113 Ind. 177, 178, 14 N.E. 241; . . . Shields v. Pyles, (1913), 180 Ind. 71, 78, 99 N.E. 742; . . .

\* \* \*

". . . Robertson v. State ex rel. Smith, (1887) 109 Ind. 79, 87, 10 N.E. 582." (Emphasis added)

This line of reasoning is consistent with prior law regarding computation of time. In the case of *White* v. *Board of Medical Registration and Examination of Indiana* (1956), 235 Ind. 172, 134 N.E.2d 556, the Court held that the general rule for computation of time (Burns Ind. Ann. Stat. § 2-4704) was applicable to the judicial review provisions of the Administrative Adjudication and Court Review Act of 1947.

In the case of *Whittaker* v. *Burgauer* (1969), 144 Ind. App. 106, 244 N.E.2d 445, the Court held that where the last day for the filing of a brief on appeal from the Industrial Board fell on a Saturday and the brief was not filed until the following Monday, the appeal was timely filed, (citing Burns. Ind.

Ann. Stat. § 2-4704, and former Supreme Court Rules 2-9, 2-15 and 2-19).

Trial Rule 6(A) of the Indiana Rules of Trial Procedure is based upon Rule 6(A) of the Federal Rules of Civil Procedure. In reviewing federal court decisions under Rule 6(A) of the Federal Rules of Procedure, we find that the federal courts have applied Rule 6(A) to extend the time for filing appeals from *federal* administrative agencies where the final day for filing falls on a Saturday, Sunday or legal holiday. *Johnson* v. *Fleming* (C.A. Who. 1959), 264 F. 2d 322; *Datson Power and Light Co.* v. *Federal Power Commission* (1958), 102 U.S. App. D. C. 164, 251 F. 2d 875; *Simon* v. *C.I.R.* (C.A. 2, 1949), 176 F. 2d 230.

The Court of Appeals referred to two recent cases which it felt required its given answer to the instant question. The first is *Weatherhead Company* v. *State Board of Tax Commissioners* (1972), 151 Ind. App. 680, 281 N.E.2d 547. In *Weatherhead Company*, an appeal from the State Board of Tax Commissioners was taken prior to the adoption of the Indiana Rules of Trial Procedure. The point of distinction in that case is that the Board's final determination was issued on March 16, 1965. The thirty-day period thus fell on April 15, a Thursday. Notice of appeal was not received by the Board until Monday, April 19, i.e., the 34th day. In *Weatherhead Company*, the taxpayer was not prohibited from giving notice of appeal on April 15, the final day of the statutory time period. Thus, the *Weatherhead* case is not in point with the case at bar.

In *Clary* v. *National Friction Products, Inc.* (1972), 259 Ind. 581, 290 N.E.2d 53, this Court stated:

> "* * * The rules of trial procedure, which, as stated in Trial Rule 1, govern the procedure and practice in all courts of the state of Indiana are not applicable to proceedings before the administrative agencies nor to the proceedings requisite to invoking the jurisdiction of reviewing judicial authority." 290 N.E.2d at 55.

Such language seemingly could be broadly construed as answering the instant question. However, in *Clary*, there was a conflict concerning whether the statutory procedure governing an appeal from the Industrial Board was to be followed or whether the procedure relating to appeals from trial courts was to be followed. This Court's holding was that when such a conflict occurs, the statutory procedure prevails. However, the present case does not involve such a conflict. Instead, the statute is silent as to the method of computing the time for filing an appeal and giving notice to the Board. Trial Rule 6(A) provides the method for computing the thirty day time span when the thirtieth day falls on a Saturday, Sunday or holiday.

The harsh result due to the Tax Board's interpretation is clearly repugnant to the legislative intent that the taxpayer have thirty days to deliver statutory notice. To require a notice of appeal be actually received by the Board on a Saturday, Sunday or holiday, then we should require the Board to remain open on such days—a result which this Court is certain would not be welcomed by the Board. Therefore, we hold that when the final day of the statutory time is Saturday, Sunday or a holiday, then such time is extended to the next day the office is open for business. Transfer is granted.

The judgment of the trial court is hereby reversed and this cause is remanded for consideration of the merits of petitioner's appeal.

Reversed and remanded to the trial court.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported at 316 N.E.2d 674.