376 N.E.2d 110 (1978)
METROPOLITAN BOARD OF ZONING APPEALS OF MARION COUNTY, Indiana, Division III, Appellant (Respondent below),
v.
Emmanuel ZAPHIRIOU, Pauline Zaphiriou and Global Leasing, Incorporated, Appellees (Petitioners below).
No. 2-876A322.
Court of Appeals of Indiana, Second District.
May 17, 1978.
*111 David F. Rees, Indianapolis, for appellant.
SULLIVAN, Judge.
This is an appeal from a judgment rendered by the Marion County Superior Court, Room 1, which reversed the Marion County Metropolitan Board of Zoning Appeals' denial of a variance.
*112 Emmanuel and Pauline Zaphiriou, by Global Leasing, Inc., filed a petition for a variance. The Zaphirious sought a use variance for the operation of a retail "adult" bookstore on property then zoned as C-2. It was alleged that such would be a permitted use under a C-3 classification which provided for retail uses such as drug stores and beauty shops.[1]
A public hearing was held on September 23, 1975. The sole evidence presented was testimony by Mr. Zaphiriou. The Board denied the request for a variance, and the Zaphirious filed their Petition for Writ of Certiorari with the Marion County Superior Court, Room 1. The court reversed the negative decision of the Board and issued its Decision and Order, which reads as follows:
"DECISION AND ORDER
Comes now the parties by their counsel and having submitted the record of the hearing below, and their pleadings herein, and having presented their arguments on the record, the Court now makes the following Findings of Facts:
1) That the Zaphirious are the owners of the property commonly known as 2424 E. Washington Street and Global Leasing, Inc. is the lessee thereon.
2) That on July 11, 1975, Plaintiffs  Appellants filed a Petition for Variance on said property requesting a change from C-2 to the classification of C-3. [Emphasis supplied]
3) That the Board denied said Petition on September 23, 1975.
4) That no remonstrators appeared in person or by counsel and the Staff of the Board did not oppose said Variance.
5) That Petitioners presented, more than adequately, substantial evidence on all points necessary to grant said Variance.
6) That the Board's denial of said Petition for Variance was arbitrary and capricious and represents an erosion of the First Amendment Freedoms, constituting a prior restraint upon speech and expression.
7) That the position of the Board is inconsistent with the record presented, and with logic, in that this Court finds that a use as a restaurant (C-2) is a heavier burden on property than a bookstore (C-3) and therefore the Findings of the Board are arbitrary.
8) That the Board's Findings that this property could be used for other commercial purposes is not borne out by the record herein.
9) That the hostility of the Board's decision is clear from even a cursory reading of the record, but a thorough reading reveals that in each paragraph of the Findings is a reference to extraneous matters and unfounded assumptions.
10) That each of these Findings when read as a unit leads this Court to a finding that the Board, by the means of an administrative fait accompli has attempted censorship.
The Court concludes that the action of the Metropolitan Board of Zoning Appeals in the case of Emmanuel Zaphiriou, et al. v. James Cummings, et al. was arbitrary and capricious and without foundation in fact.
The Court further concludes that the action of the Board is tantamount to a prior restraint and is therefore constitutionally repugnant.
IT IS THEREFORE DECREED, ORDERED AND ADJUDGED that the decision of the Metropolitan Board of Zoning Appeals on Variance Petition 75UV3-91 is reversed and said Variance is hereby granted to Petitioners."
The questions presented for review include:
(1) Did the trial court exceed its limits of judicial review?
(2) Did the trial court abuse its discretion?

*113 (3) Did the Board's denial of the petition for the variance constitute an unconstitutional prior restraint on the Zaphirious' First Amendment right?
Initially, we note that the Zaphirious have not filed an appellees' brief. Therefore, the Board need only demonstrate prima facie error to obtain a reversal. Kuykendall v. County Commissioners of Marion County (1968) 142 Ind. App. 363, 234 N.E.2d 860.
The proper standard for review of a denial of a variance was set forth in Metropolitan Board of Zoning Appeals v. Standard Life Insurance Co. (1969) 145 Ind. App. 363, 251 N.E.2d 60:
"In order to reverse an order of a board which as here, denies a variance the reviewing court must find that each of the five statutory prerequisites has been established as a matter of law, giving wide construction to the total evidence and resolving all doubts in favor of the board's determination... . In other words, the evidence supporting each prerequisite must be such that no reasonable man could fail to accept that prerequisite as proved." 251 N.E.2d at 61. [Original emphasis].
The court further stated:
"It is inappropriate, we think, to require justification of a negative decision by `substantial evidence' since it is clearly the burden of a petitioner for a variance to establish the existence of each of the five statutory prerequisites. In order for a board to deny a variance, it is not always necessary that remonstrators appear and testify or that other evidence be presented in opposition to a variance." 251 N.E.2d at 62.
It is apparent from the trial court's finding number 5 that the test of "substantial evidence of probative value" was used in reviewing the Board's negative determination. The trial court therefore applied an erroneous standard and, in doing so, exceeded its scope of review.
We further conclude that the Zoning Board did not act arbitrarily and capriciously, nor did it abuse it discretion by taking action "without some basis which would lead a reasonable and honest man to such action." Kinzel v. Rettinger (1972) 151 Ind. App. 119, 277 N.E.2d 913.
The Board has very broad discretion in such matters. The court in Standard Life stated:
"So long as the controlling legislation continues to require establishment of five very restrictive prerequisites before a board can grant a variance, courts which review a negative determination by such boards are virtually powerless to overturn such determination." 251 N.E.2d at 64.
The court in Standard Life further noted that, when a board denies a variance, "... it is not necessary that there be evidence to substantiate the negative decision of the board." 251 N.E.2d at 62.
A review of the evidence here reveals that at best only one of the five statutory requirements as set forth by I.C. XX-X-X-XX (Burns Code Ed. 1974) was met. The trial court could not have properly found that the evidence supporting each prerequisite was such that "no reasonable man could fail to accept that prerequisite as proved." Metropolitan Board of Zoning Appeals v. Standard Life Insurance Co., supra, 251 N.E.2d at 61.
The trial court's finding that the Board's denial of the variance constituted a prior restraint on speech protected by the First Amendment of the United States Constitution was also erroneous. The United States Supreme Court in Young v. American Mini Theatres, Inc. (1976) 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310, recently recognized the validity of a city's interest in planning and regulating the uses of property for commercial purposes. The court at various points in the opinion stated:
"One-half century ago this Court broadly sustained the power of local municipalities to utilize the then relatively novel concept of land-use regulation in order to meet effectively the increasing encroachments of urbanization upon the *114 quality of life of their citizens." 96 S.Ct. 2453.
* * * * * *
"The constraints of the ordinance with respect to location may indeed create economic loss for some who are engaged in this business. But in this respect they are affected no differently than any other commercial enterprise that suffers economic detriment as a result of land-use regulation." 96 S.Ct. 2456.
As to the specific contention that the ordinance in question constituted a prior restraint, the court stated:
"The mere fact that the commercial exploitation of material protected by the First Amendment is subject to zoning and other licensing requirements is not a sufficient reason for invalidating these ordinances." 96 S.Ct. at 2448.
The actions of the Board in the case at bar concerned the right to locate, not the right to disseminate or purchase the particular items offered by the proposed store. The evidence established that other bookstores of a similar nature were allowed in areas zoned C-3 proximate to the property in question. This indicates that the Board's interest lay not in the censorship and extermination of "adult" bookstores, but rather in the location of all general retail businesses falling within the C-3 classification. The Zaphirious' First Amendment rights were not transgressed.
We therefore reverse the judgment of the trial court and remand the cause to the Marion County Superior Court, Room 1, with instructions to vacate and set aside the findings and judgment previously rendered. The court is further instructed to review the decision of the Board in conformity with the standards herein set forth, make findings based upon such review, and enter judgment accordingly.
LOWDERMILK, J. (participating by designation), and BUCHANAN, C.J., concur.
NOTES
[1] Although it may appear that the variance petition was in effect an attempt to rezone the property from C-2 to C-3, the parties have not addressed this possibility and we need not consider same.