**INLAND STEEL COMPANY,**
Defendant-Appellant,

v.

**Warner BROWN, Plaintiff-Appellee.**

No. 2–1085A316.

Court of Appeals of Indiana,
First District.

Sept. 2, 1986.

Samuel J. Furlin, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for defendant-appellant.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Inland Steel Company (Inland Steel), appeals from an adverse judgment rendered by the Full Industrial Board of Indiana (Full Board) which reduced a credit originally granted to Inland Steel by a Single Member Industrial Board (Single Member Board) reflecting the amount paid to plaintiff-appellee, Warner Brown (Brown), for temporary total disability and permanent partial impairment. In a Memorandum Decision, 491 N.E.2d 1033, we remanded this case to the Full Board for further findings and specifications, but retained jurisdiction. From the Full Board's "Corrected Award," we now rule on the merits.

We reverse.

## STATEMENT OF THE FACTS

According to the stipulation between the parties incorporated into the findings of the Single Member Board and the Full Board,

the facts pertinent to this appeal are as follows. Brown sustained injuries to both of his feet on December 11, 1981, during the course of his employment with Inland Steel. The period of Brown's temporary total disability during which he was unable to work was from December 12, 1981, until July 10, 1983, a total of 82⅗ weeks. In addition to furnishing all statutory medical, hospital, and nursing care services and supplies, Inland Steel paid Brown his full regular wages in the total amount of $47,267.21 during his disability period while he was unable to work. This is approximately $576.00 per week.

Inland Steel is self-insured for the purposes of workmen's compensation benefits and properly registered its self-insurance plan with the Industrial Board. The wages paid to Brown during his disability period came from Inland Steel's payroll account, and since it was self-insured, if Brown were entitled to any additional workmen's compensation payments, they would come from the same source. The wages paid to Brown were voluntarily made by Inland Steel, not by an insurance company, and the payments were not made pursuant to a union contract, insurance contract, or any other contract, nor did the payments represent any other benefits outside workmen's compensation which Brown may have been entitled to by virtue of his employment with Inland Steel.

Brown initiated this action before the Industrial Board of Indiana under the state's Workmen's Compensation Act by filing a Form 9 "Application of Injured Employee to the Industrial Board for the Adjustment of Claims for Compensation," for benefits on behalf of injuries sustained on December 11, 1981. On December 4, 1984, the cause was submitted to the Single Member Board. On January 29, 1985, following a hearing, the Single Member Board awarded Brown 350 weeks of compensation at $75.00 per week, based upon a 70% permanent partial impairment of the man as a whole because Brown's left foot was ultimately amputated as a result of the accident. Inland Steel was given credit for all payments to Brown over and above the first 52 weeks of temporary total disability at $140.00 per week ($7,280.00) for a total credit of $39,987.21.

On February 19, 1985, Brown filed a Form 16 "Application for Review by the Full Board" for review of the original award. The Full Board on review affirmed the original award except for the credit to Inland Steel. In a divided vote, the Full Board gave Inland Steel a credit of 33⅗ weeks at $140.00 per week for a total credit of $4,680.00. No reason or explanation was given by the Full Board for reducing the credit. Following our remand requesting further specifications, the Full Board, again in a divided vote, issued its "Corrected Award," finding a clerical error and noted the credit award should have been 30⅗ weeks at $140.00 per week for a total credit against permanent partial impairment of $4,260.00. The Full Board also gave the following explanation:

"That the reason for said reduction by a majority of its members and the methodology used in computing the credit is based on the fact that the Defendant had not applied for nor received approval for a substitute system of compensation pursuant to I.C. 22–3–5–4. That said Full Industrial Board believes it is not within its jurisdiction to interpret wage contracts entered into between employees and employers as to continuation of such benefits. That there was no showing that the parties stipulated or agreed to the amount of the credit to be granted to the Defendant herein, and that to require the Industrial Board to interpret or attempt to enforce provisions of union contracts or other agreements is extraneous to the administration of the Workmen's Compensation Act."

## ISSUES

Inland Steel raises the following two issues which are restated by us:

I. Was Brown's Form 16 "Application for Review by the Full Board of the Original Award" timely filed?

II. Was the award of the Full Board reducing the credit to Inland Steel contrary to law?

## DISCUSSION AND DECISION

■ We first note that in this appeal by Inland Steel, no appellee brief was filed on behalf of Brown. Where no appellee brief is filed in the course of an appeal from an administrative proceeding, Inland Steel is only required to demonstrate prima facie error to obtain reversal. *See Metropolitan Board of Zoning Appeals of Marion County v. Zaphiriou* (1978), 176 Ind.App. 422, 376 N.E.2d 110; *State, Bureau of Motor Vehicles v. Waller* (1975), 167 Ind. App. 231, 339 N.E.2d 61.

ISSUE I: *Application For Review Timely Filed.*

■ Inland Steel first argues the Full Board was without jurisdiction to review the award of the Single Member Board because Brown's application for review was not timely filed. Brown filed his Form 16 application for review on February 19, 1985, which is 21 days after the date of the award by the Single Member Board. An application for review to the Full Board can be made if done within 20 days from the date of an award made by less than all members of the Full Board, IND.CODE 22–3–4–7, but an award made by the board comprised of less than all its members, if not reviewed as provided in IND.CODE 22–3–4–7, shall be final and conclusive, IND.CODE 22–3–4–8. February 18, 1985, the 20th day from the Single Member Board's award, was Washington's Birthday.

Inland Steel asks us to take judicial notice of the Governor's memo which apparently ordered that State offices, including the Industrial Board, were to be open for regular business on February 18, 1985. It argues Brown offered no evidence that the

Industrial Board offices were closed on February 18, 1985. We disagree with Inland Steel's argument.

In *Ball Stores, Inc. v. State Board of Tax Commissioners* (1974), 262 Ind. 386, 316 N.E.2d 674, the supreme court extended Ind. Rules of Procedure, Trial Rule 6(A) to apply in proceedings before administrative agencies where a statute is silent as to computation of time. Trial Rule 6(A) extends a time period when a Saturday, Sunday, or legal holiday is included in a computation. IND.CODE 1–1–9–1 states that Washington's Birthday is a legal holiday in Indiana for all purposes. Brown would presumably not have access to the Governor's memo, and since he is entitled to rely on the statutes governing legal holidays and computation of time, he need not prove the offices were closed. Therefore, the Full Board did not err in accepting Brown's application for review on the next day following a legal holiday.

ISSUE II: *Credit Toward Workmen's Compensation Award.*

■ Before addressing the adequacy of the credit awarded to Inland Steel, the permanent partial impairment award and the temporary total disability award issued by the Single Member Board and adopted by the Full Board were correct. The Industrial Board had the duty and the discretion to determine the type of injury and the amount of compensation. *Bethlehem Steel Corp. v. Dipolito* (1976), 168 Ind.App. 417, 344 N.E.2d 67. Once the board determined to proceed under the impairment compensation schedules in IND.CODE 22–3–3–10, the board may grant compensation under either subsection (a) or subsection (b) of the statute. *See id.* Here, the board granted the maximum award under IND.CODE 22–3–3–10(b). Under this provision, Brown was awarded the maximum total temporary disability benefit of $7,280.00[1] and the maximum permanent partial impairment of

---

1. When permanent partial impairment is present, IND.CODE 22–3–3–10 limits temporary disability benefits to 52 weeks. Temporary total disability is limited under IND.CODE 22–3–3–8 to two-thirds (66⅔%) of an employee's average weekly wage, and an employees average weekly wage is limited under IND.CODE 22–3–3–22 to a maximum of $210.00 per week. Two-thirds of $210.00 is $140.00 per week times 52 weeks yields a maximum temporary total disability benefit of $7,280.00.

$26,250.00 after finding an impairment of 70% of Brown as a whole,[2] for a total award of $33,530.00.

We now turn to the adequacy of the credit awarded to Inland Steel. IND. CODE 22-3-3-23(a) provides:

"Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of chapters 2 through 6 of this article were not due and payable when made, may, subject to the approval of the industrial board, be deducted from the amount to be paid as compensation. However, the deduction shall be made from the distal end of the period during which compensation must be paid, except in cases of temporary disability."

We note Inland Steel does not claim any credit for payments made toward temporary total disability, which may be based in part on the fact that in effect, Inland Steel appears to have been given full credit for these payments also.

■ The only issue before us is whether Inland Steel is entitled to credit against permanent partial impairment for payments it made to Brown during his period of disability. We hold Inland Steel is entitled to the credit.

In its Corrected Award, the Full Board reduced the credit awarded by the Single Member Board in part because Inland Steel had not applied for nor received approval for a substitute system of insurance pursuant to IND.CODE 22-3-5-4. In *Indiana Bell Telephone Co. v. Ernst* (1983), Ind. App., 444 N.E.2d 1258, the employer argued that payments it had made to an injured employee prior to the entry of an award constituted a substitute system of insurance under IND.CODE 22-3-5-4 and

therefore it was entitled to credit for the payments made. The court held that the employer failed to offer evidence of whether the payment plan complied with IND. CODE 22-3-5-4, whether it intended to do so, or whether it was submitted to or approved by the Idustrial Board; hence, it failed to meet its burden of proof.

We analyzed *Ernst, supra,* in *Freel v. Foster Forbes Glass Co.* (1983), Ind.App., 449 N.E.2d 1148, and found it to be distinguishable. We noted in *Freel* that the employer, who had made payments to an injured employee under its wage continuation plan, never contended its payment plan constituted a substitute system of insurance. We further noted that the employer had a self-insurance plan for workmen's compensation purposes which was registered with the Industrial Board, and that any workmen's compensation payments due would come from the same payroll account since it was self-insured. Such are the facts in the case at bar.

Regarding the other reasons stated by the Full Board for reducing the credit, we also addressed those issues in *Freel, supra.* We rejected the argument that the Industrial Board was without jurisdiction to modify the wage continuation contract as characterized by the injured employee. We noted the wage continuation benefit had been paid in full as promised, and that the effect of those payments on the employer's duty to pay workmen's compensation was properly before the Industrial Board based on IND.CODE 22-3-3-23(a). If the Full Board's logic were followed, then no credit at all should have been given to Inland Steel. The Full Board selected 30³⁄₇ weeks to be given credit at $140.00 per

2. Permanent partial impairment, as calculated under IND.CODE 22-3-3-10(b), limits the average weekly wage to 60% of a maximum of $125.00 per week for a total of $75.00 per week for the period stated for the injury. The period of payment for an injury depends on the type of injury (e.g. loss of use, IND.CODE 22-3-3-10(b)(1), or partial loss of use, IND.CODE 22-3-3-10(b)(2). For example, for total permanent disability, 500 weeks of payment is allowed. IND.CODE 22-3-3-10(b)(3). Under the sched-ule in IND. CODE 22-3-3-10(b)(6) pertaining to cases of permanent partial impairment other than reduction of sight or hearing, compensation is to be paid proportionate to the degree of such permanent partial impairment, in the discretion of the board, not exceeding 500 weeks. Brown was found to have a permanent partial impairment of 70% of the body as a whole, and he was awarded $75.00 for 350 weeks (70% of 500 equals 350) which yields permanent partial impairment of $26,250.00.

week, not $576.00 which was actually paid. Though requested by us, the Full Board made no explanation of its reasons, or methodology for this. Additionally, following the Full Board's logic, no credit should be given for medical services which were voluntarily given.

The rationale for the decision in *Freel, supra,* as stated below, is equally applicable to the facts in the case at bar:

"The purpose of the Workmen's Compensation Act is to avoid litigation and to place the burden of caring for injured employees on the industry that employs them and the consumers of its products. *Guevara v. Inland Steel Company,* (1949) 120 Ind.App. 47, 88 N.E.2d 398; *see Bedwell v. Dixie Bee Coal Corporation,* (1934) 99 Ind.App. 336, 192 N.E. 723. However, several sections of the act and the cases construing them evince a strong policy against double recovery. See Ind.Code 22–3–2–13, 22–3–3–10, 22–3–3–23, 22–3–3–31; *Bethlehem Steel Corporation v. Dipolito,* (1976) 168 Ind. App. 417, 344 N.E.2d 67; *Snow Hill Coal Corporation v. Cook,* (1952) 123 Ind.App. 240, 109 N.E.2d 110; *Bebout v. F.L. Mendez & Company,* (1941) 110 Ind. App. 28, 37 N.E.2d 690. If Foster Forbes is not given credit for its earlier wage continuation payments, the Freels not only will recover twice for the same injury, but will receive from the employer more money for the period of disability than could have been earned if there had been no injury. We do not believe that such a result is consistent with the purposes of the act. In *Cowan v. Southwestern Bell Telephone Co.,* (1975) Mo. App., 529 S.W.2d 485, the employer had paid the injured employee $9,266.68 under its disability plan which specifically included Workmen's Compensation benefits. The employer was given credit for these payments, and although the case is distinguishable from this one, the following discussion applies equally well to our facts:

'An employer who has paid an employee at the time of that employee's greatest need more than he was obligated to pay should not be penalized by being denied full credit for the amount paid above the requirements of the act as against the amount which might subsequently be determined to be due the employee. To do so would inevitably cause employers to be less generous. By limiting the payments the employer can safely make to the amount of temporary total disability the result would be that the employee would lose his full salary at the very moment he needs it most. Such a construction is neither liberal nor one made with a view to the public welfare.' *Id.,* 529 S.W.2d at 488."

*Freel, supra* at 1151. We note that *Freel, supra,* does not involve permanent partial impairment. Nevertheless, the statute under which it was decided allows that any payments made by the employer may, in appropriate circumstances, be deducted from "the amount to be paid as compensation," and is not limited to temporary total disability. IND.CODE 22–3–3–23(a).

The record shows that the payment was made voluntarily and not pursuant to any contract, union or otherwise. Inland voluntarily paid $576.00 per week and Brown voluntarily took it. The important thing in *Freel* is that so long as the employer has paid the employee all that he is entitled to under the workmen's compensation law, he is entitled to credit therefor.

We conclude Inland Steel is entitled to credit for its payments to Brown not due and payable when made against the entire amount to be paid as compensation.

The decision of the Full Board is reversed, and the decision of the Single Member Board is reinstated.

ROBERTSON, P.J., and RATLIFF, J., concur.