FILED

Oct 27 2017, 10:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



**ATTORNEYS FOR APPELLANT**

Curtis T. Hill, Jr.
Attorney General of Indiana

David E. Corey
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Indiana Department of Workforce Development, <br><br> *Appellant-Petitioner,* <br><br> v. <br><br> Kristofer Hugunin, <br><br> *Appellee-Respondent.* | October 27, 2017 <br><br> Court of Appeals Case No. 64A05-1703-CC-583 <br><br> Appeal from the Porter Superior Court <br><br> The Honorable Roger V. Bradford, Judge <br><br> Trial Court Cause No. 64D01-1508-CC-6627 |

**Pyle, Judge.**

## Statement of the Case

[1]  In this interlocutory appeal, the Indiana Department of Workforce

Development ("Workforce Development") appeals the trial court's denial of its

motion for summary judgment in its action against Kristofer Hugunin ("Hugunin").[1] Concluding that Workforce Development is entitled to judgment as a matter of law, we reverse and remand with instructions for the trial court to grant Workforce Development's summary judgment motion.

[2] We reverse and remand with instructions.

## Issue

The sole issue for our review is whether trial court erred in denying Workforce Development's summary judgment motion.

## Facts

[3] In 2009 and 2011, Hugunin applied for and received emergency unemployment compensation benefits. However, a subsequent investigation determined that Hugunin had received employment income at the same time he was receiving unemployment benefits. In May 2013, Workforce Development mailed Hugunin investigation case histories and a Determination of Eligibility ("the Determination"), which provided in relevant part as follows:

> You claimed benefits during the period 01/03/2009 to 05/14/2011. An investigation of this claim period was

---

[1] Workforce Development refers to Hugunin using his initials. However, this Court has previously determined that, notwithstanding the confidentiality mandate of INDIANA CODE § 22–4–19–6 and Indiana Administrative Rule 9(G), "it is appropriate for this Court to use the full names of parties in routine appeals from the Review Board." *Moore v. Review Bd. of Ind. Dep't of Workforce Development,* 951 N.E.2d 301, 306 (Ind. Ct. App. 2011). *See also J.M. v. Review Bd. of Ind. Dep't of Workforce Development,* 975 N.E.2d 1283, 1285 n. 1 (Ind. 2012) (noting that the Court's practice "going forward will be to keep the[ ] parties confidential only if they make an affirmative request"). Because Hugunin did not make such an affirmative request, we will utilize his name.

conducted to determine whether or not you failed to disclose or misrepresented material facts which, if known, would have disqualified you or rendered you ineligible, or would have reduced your benefits for the following reasons: employment and earnings. . .

Based on available evidence, it must be concluded that you knowingly failed to disclose, or falsified material facts. Therefore, the penalties prescribed by Chapter 13, Section 1.1 of the Laws of Indiana relating to the Department of Workforce Development apply.

You received benefits to which you were not entitled and which you are now liable to repay the Department . . . .

This determination will become final on 5-31-13 if not appealed.

(App. 32). The Determination further informed Hugunin how to initiate an appeal.

Hugunin failed to respond to the Determination. Two years later, in August 2015, Workforce Development filed a verified petition for civil enforcement, wherein it asked the trial court to enter an order enforcing the Determination and to order Hugunin to pay Workforce Development $20,190.75 plus interest. In October 2015, Hugunin filed an answer, affirmative defenses, and a jury demand.

In May 2016, Workforce Development filed a motion for summary judgment. In its memorandum in support of its motion, Workforce Development argued that pursuant to INDIANA CODE § 22-4-13-1.1(a), Hugunin was required to accurately report all earnings while claiming benefits. Workforce Development's designated evidence revealed that Hugunin had failed to report

earnings for the claim weeks he worked. He therefore knowingly failed to disclose or falsified information regarding earnings that would have made him ineligible for unemployment benefits. Workforce Development argued that because he failed to properly report his wages, he was required to repay the full amount of the benefits received plus penalties. Workforce Development further claimed that because Hugunin had failed to appeal the determination within the statutorily required ten days, the administrative ruling became final and unappealable. Workforce Development argued that the "undisputed facts of this case permit[ted] the Court to determine that [Hugunin was] indebted to [Workforce Development]" in the amount of $20,685.30. (App. 14). According to Workforce Development, the case involved no factual dispute and the agency was entitled to judgment as a matter of law.

[6]     In his response, Hugunin admitted that the Determination was sent to his last known address. However, he contended that at the time the letter was sent, he was incarcerated in the Porter County Jail and had not received it. He designated a March 2013 sentencing order in support of his response. His sole argument was that Workforce Development had failed to follow Indiana Trial Rule 4.3, which requires service of summons upon an incarcerated person to be made by delivering or mailing a copy of the summons to the official in charge of the institution. Workforce Development replied that Hugunin had "conflate[d] service pursuant to the Indiana Rules of Trial Procedure with service as provided for within the Indiana Code for administrative findings by [Workforce Development]." (App. 48). According to Workforce

Development, Hugunin had "failed to cite to the proper Indiana Code provisions regarding service for [Workforce Development's] administrative orders; rather, [Hugunin] incorrectly cite[d] to the Indiana Rules of Trial Procedure, which do not govern service of administrative orders by [Workforce Development]." (App. 49). Workforce Development argued that pursuant to INDIANA CODE § 22-4-17-2, it was "required only to send its administrative orders to the claimant's *last known address*." (App. 49). Workforce Development further pointed out that the determination was not returned to Workforce Development as undeliverable when sent to Hugunin's last known address.

[7] The trial court summarily denied Workforce Development's summary judgment motion without a hearing, and Workforce Development filed a motion to certify the matter for interlocutory appeal. The trial court certified the matter, and Workforce Development sought this Court's permission to appeal. We granted the request and accepted the interlocutory appeal.

## Decision

[8] At the outset, we note that Hugunin has failed to file an appellee's brief. When an appellee fails to submit a brief, we need not undertake the burden of developing an argument for the appellee. *Santana v. Santana*, 708 N.E.2d 886, 887 (Ind. Ct. App. 1999). Applying a less stringent standard of review, we may reverse the trial court if the appellant can establish *prima facie* error. *Id.* However, we may in our discretion decide the case on the merits. *Kladis v.*

*Nick's Patio, Inc.*, 735 N.E.2d 1216, 1219 (Ind. Ct. App. 2000). We exercise such discretion in this case.

[9] Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Knighten v. E. Chi. Hous. Auth.*, 45 N.E.3d 788, 791 (Ind. 2015). The movant's burden is to show that its designated evidence, with all conflicts, doubts, and reasonable inferences resolved in the nonmovant's favor, affirmatively negates the nonmovant's claim. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). The burden then shifts to the nonmovant to show an issue of fact affecting the outcome of the case that requires resolution by the fact-finder. *Id.* In the present case, the meaning of a statute is at issue, and because the relevant facts are not in dispute, the construction of the statute presents a pure question of law for which disposition by summary judgment is appropriate. *See Indiana Patient's Compensation Fund v. Anderson*, 661 N.E.2d 907, 908 (Ind. Ct. App. 1996), *trans. denied*.

[10] Workforce Development originally alleged that Hugunin had failed to comply with INDIANA CODE § 22-4-13-1.1, which provides as follows:

> Sec. 1.1. (a) Notwithstanding any other provisions of this article, if an individual knowingly:
>
>> (1) fails to disclose amounts earned during any week in the individual's waiting period, benefit period, or extended benefit period; or
>>
>> (2) fails to disclose or has falsified any fact that would disqualify the individual for benefits, reduce the

individual's benefits, or render the individual ineligible for benefits or extended benefits, the individual forfeits any wage credits earned or any benefits or extended benefits that might otherwise be payable to the individual for any week in which the failure to disclose or falsification caused benefits to be paid improperly.

(b) In addition to amounts forfeited under subsection (a), an individual is subject to the following civil penalties for each instance in which the individual knowingly fails to disclose or falsifies any fact that if accurately reported to the department would disqualify the individual for benefits, reduce the individual's benefits, or render the individual ineligible for benefits or extended benefits:

> (1) For the first instance, an amount equal to twenty-five percent (25%) of the benefit overpayment.

> (2) For the second instance, an amount equal to fifty percent (50%) of the benefit overpayment.

> (3) For the third and each subsequent instance, an amount equal to one hundred percent (100%) of the benefit overpayment.

(c) The department's determination under this section constitutes an initial determination under IC 22-4-17-2(a) and is subject to a hearing and review under IC 22-4-17-3 through IC 22-4-17-15.

[11] Workforce Development further argued that it had complied with INDIANA CODE § 22-4-17-2, which provides, in relevant part, as follows:

> (e) In cases where the claimant's benefit eligibility or disqualification is disputed, the department shall promptly notify the claimant and the employer or employers directly involved or connected with the issue raised as to the validity of such claim, the eligibility of the claimant for waiting period credit or benefits, or the imposition of a disqualification period or penalty, or the

denial thereof, and of the cause for which the claimant left the claimant's work, of such determination and the reasons thereof.

(f) Except as otherwise hereinafter provided in this section regarding parties located in Alaska, Hawaii, and Puerto Rico, unless the claimant or such employer, within ten (10) days after the notification required by subsection (e), *was mailed to the claimant's* or the employer's *last known address* or otherwise delivered to the claimant or the employer, asks for a hearing before an administrative law judge thereon, such decision shall be final and benefits shall be paid or denied in accordance therewith.

(Italics added).

[12] Our review of the undisputed designated facts in this case reveals that, as set forth in Workforce Development's memorandum in support of its summary judgment motion, Hugunin failed to report earnings for the claim weeks that he worked. Workforce Development notified Hugunin of its findings in a Determination of Eligibility and advised him that he was liable to pay the benefits to which he was not entitled. The determination, which was sent to Hugunin's last known address, also advised Hugunin that it would become final on May 31, 2012 if not appealed, and it set forth the requirements for the initiation of an appeal. Hugunin did not appeal the determination. Based upon these undisputed facts, Workforce Development complied with the relevant statutes and was entitled to judgment as a matter of law on its verified petition for civil enforcement. The trial court therefore erred in denying Workforce

Development's summary judgment motion.[2]  Accordingly, we reverse and remand with instructions for the trial court to grant Workforce Development's summary judgment motion.

[13]    Reversed and remanded.

Riley, J., and Robb, J., concur.

---

[2] Although Hugunin has failed to file an appellee's brief, we note that at the summary judgment stage, he argued that he was incarcerated when Workforce Development sent the Determination to his last known address.  According to Hugunin, Workforce Development had failed to comply with Trial Rule 4.3, which required service of summons upon an incarcerated person to be made by delivering or mailing a copy of the summons to the official in charge of the institution.  Assuming that the Determination was in the nature of a summons, both the Indiana Supreme Court and this Court have held in numerous cases that the rules of trial procedure "are not applicable to proceedings before the administrative agencies nor to the proceedings requisite to invoking the jurisdiction of reviewing judicial authority."  *Clary v. Nat'l Friction Prod. Inc.,* 290 N.E.2d 53, 55 (Ind. 1972).  *See also Margrat, Inc. v. Ind. State Bd. of Tax Com'rs*, 448 N.E.2d 684, 685 (Ind. Ct. App. 1982) and cases cited therein.  *But see Ball Stores, Inc., v. State Bd. of Tax Com'rs,* 316 N.E.2d 674, 677-78 (Ind. 1974) (determining that where "the statute [governing an appeal from the Industrial Board] is silent as to the method of computing the time for filing an appeal and giving notice to the Board[,] Trial Rule 6(A) provides the method for computing the thirty day time span when the thirtieth day falls on a Saturday, Sunday, or holiday").